# Commonwealth *v.* Evans, Appellant.

*Physicians—Failure to report communicable disease—Summary conviction—Costs—Justice of the peace—Acts of June 18, 1895, P. L. 205, April 22, 1903, P. L. 244, and May 14, 1909, P. L. 855—Certiorari.*

1. A proceeding against a physician for failure to report a communicable disease, need not be instituted under the Act of May 14, 1909, P. L. 855, within sixty days.

2. The Act of May 14, 1909, P. L. 855, is not an amendment of the Act of June 18, 1895, P. L. 205, but provides a complete system, and repeals the entire act of 1895 except §§ 12 and 20 and § 21 as amended by the Act of April 22, 1903, P. L. 244.

3. Although the Act of May 14, 1909, P. L. 855, is silent as to costs on conviction, such costs may be imposed upon the defendant under the general law or the Act of April 17, 1876, P. L. 29.

4. On an appeal from a summary conviction under the Act of May 14, 1909, P. L. 855, the appellate court cannot consider the evidence but only the record as on certiorari.

Argued March 10, 1915. Appeal, No. 289, Oct. T., 1914, by defendant, from judgment of Q. S. Lancaster Co., Sept. T., 1914, No. 187, on appeal from summary conviction in case of Commonwealth v. E. E. Evans. Before RICE, P. J., HENDERSON, ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Appeal from summary conviction.   Before LANDIS, P. J.

The defendant presented the following reasons for appeal:

1. The conviction was·unjust in this; your petitioner diagnosed the case to the best of his ability and saw no

symptoms of diphtheria and, therefore, up to the time he ceased attending the child, there was nothing to justify him in furnishing a notice stating that Alberta Kauffman was suffering from diphtheria.

2. The case having been taken over and put in the hands of other physicians, and Dr. Dwight Martin having notified the board of health of the ailment of the child in accordance with the provisions of the act of assembly, the same was sufficient notice to the state authorities and it was not necessary for Dr. Evans or Dr. Roebuck or any other attending physician to give notice, as the commonwealth had received all the notice necessary, or that was to be had on the case.

3. The claim was barred by the act of limitation.

4. Under sec. 21 of the act of June 18, 1895, p. 203, etc., as amended by the Act of April 22, 1903, P. L. 244, the suit for the recovery of the fine or violation of the act aforesaid must be commenced within sixty days from the commission of the offense and not afterwards, and the act of May 14, 1909, under which the present suit was brought, cited portions of the act of June 18, 1895, for repeal, but did not repeal secs. 12, 20 and 21 of the said act of June 18, 1895. Section 21, as amended by the act of 1903, providing the limitation for the commencement of the said prosecution. That the said limitation act is in force, and, as the suit in hand was commenced more than sixty days, to wit, about seventy-three days after the time of the offense laid in the complaint, it is barred by the statute of limitations and was improperly brought and the alderman had no jurisdiction in the case, as the period of sixty days had elapsed after the commission of the offense in the complaint.

5. Under the evidence of Dr. Dwight Martin, himself, the patient, Alberta Kauffman, was suffering from diphtheritic croup. The complaint is for the charge of diphtheria, and therefore the evidence did not sustain the allegation in the complaint.

6. It was unjust to convict your petitioner, because the symptoms of diphtheria were not manifest up to the time of his last visit to said patient, and the disease might have and could have manifested symptoms of diphtheria after your petitioner last saw the child and before Dr. Martin took charge of the case, and the same is not inconsistent with the innocence of your petitioner. And this is in accordance with a letter of Dr. Mowery's to your petitioner, dated Dec. 27, 1912, answering your petitioner's inquiry as to the symptoms of diphtheria, in which she said among other things, "Many times the disease may present itself, misleading in character, when only bacteriological findings can give the correct solution."

7. The uncontradicted proof before the alderman was that none of the physicians could say to a certainty that said patient, Alberta Kauffman, had the diphtheria or symptoms thereof at the time your petitioner attended said child and your petitioner testified that it had not such symptoms.

*Error assigned* among others was in dismissing the appeal.

*B. F. Davis,* for appellant.—The board of health did receive notice of the case from the physician who succeeded Dr. Evans. It therefore had no cause of complaint: Meux v. Bell, 1 Hare, 73 (23 Eng. Chan.); Shultz v. Wall, 134 Pa. 262.

The action was barred by limitation, not having been brought within sixty days: People v. Henwood, 82 N. W. Repr. 70; Crosby v. Patch, 18 Cal. 438; Sifred v. Com., 104 Pa. 179; York Gazette Co. v. York Co., 25 Pa. Superior Ct. 517; Com. ex rel. v. De Camp, 177 Pa. 112.

Acts in pari materia must be construed together: Pittsburg A. & M. P. Ry. Co.'s App., 1 Penny. 449; Daniels v. Com., 7 Pa. 371; Com. ex rel. v. Potts, 79 Pa. 164.

Section 21 of the acts of 1895 and 1903, being still in force, the act of 1909 cannot take effect without the

said section of the act of 1895 as amended: State v. Leich, 78 N. E. Repr. 189; Culver v. People, 43 N. E. Repr. 812.

That there is no repeal by implication: Re Contested Election of Barber, 86 Pa. 392; Kilgore v. Com., 94 Pa. 495.

Part of the sentence was the payment of the costs, $28.90. The act is silent as to costs and they cannot therefore be imposed: Com. v. Barnhart, 22 Pa. Dist. Rep. 246.

*Chas. W. Eaby,* assistant district attorney, *John M. Groff,* district attorney, and *Coyle & Keller,* for appellee. —The appeal brings up nothnig but the record: Com v. Layton, 45 Pa. Superior Ct. 582; Peet v. City of Pittsburg, 96 Pa. 218.

The unrepealed sections of the act of 1895 as amended by the act of 1903 have nothing to do with the failure of a physician to report a contagious disease and the limitation therein does not extend to the act of 1909 which is complete in itself.

The question of costs cannot now be raised: Thompson v. Preston, 5 Pa. Superior Ct. 154; Com. v. Menjou, 174 Pa. 25.

It was not a case of "not guilty:" Crawford Co. v. Barr, 92 Pa. 359.

The costs incident to the proceeding follow as a part of the sentence imposed on the convicted defendant: Northampton County v. West, 28 Pa. 173; Lancaster Co. v. Brinthall, 29 Pa. 38; Garman v. Gamble, 10 Watts, 382; South Bethlehem v. Connolly, 3 Montg. 142.

In any event the Superior Court, under sec. 8 of the Act of June 24, 1895, P. L. 212, has power over costs: Lyons v. Means, 1 Pa. Superior Ct. 608, 613.

OPINION BY TREXLER, J., April 14, 1915:

The defendant is a practicing physician and as such was charged with failing to make report of a case of

diphtheria which he treated. Section 1 of the Act of May 14, 1909, P. L. 855, makes it the duty of every physician practicing in this commonwealth who shall treat or examine any person for or afflicted with diphtheria to forthwith make a report in writing to the health authorities of the township, city or borough, giving in the report certain facts in regard to the case. The defendant was convicted before the alderman and having obtained the proper allocatur appealed the case to the court of quarter sessions, which, after hearing without a jury sustained the conviction.

Two facts appear in the testimony. The case treated was diphtheria and the doctor failed to report the case. The two elements essential to conviction were present. The defendant interposed the defense that he did not know the disease was present. Whether his explanation was credible was to be determined by the justice and the court respectively and both came to the conclusion that the defendant was guilty. We are satisfied that upon the merits, the conviction of the defendant was just. However, the consideration of the testimony is unnecessary on our part. The proceeding being a summary conviction and not according to the course of the common law, the case comes before us as if on certiorari: Ruhlman v. Com., 5 Binney, 24; Diamond Street, Pittsburg, 196 Pa. 254; Venango Co. Licenses, 58 Pa. Superior Ct. 277, and Com. v. Layton, 45 Pa. Superior Ct. 582. We are therefore not concerned as to the testimony in the case, but our inquiry is limited as to the regularity of the proceedings. In this view of the case there are but two matters left for us to consider.

The first is the claim of the statute of limitations. The Act of June 18, 1895, P. L. 203 is "an act to provide for the more efficient protection of the public health in the several municipalities of this commonwealth," and as amended by the Act of April 22, 1903, P. L. 244, provides that suit for the recovery of the fine for violation

of the act must be commenced within sixty days from the commission of the offense and not afterwards. The Act of May 14, 1909, P. L. 855, under which the defendant was convicted is "an act to safeguard human life and health throughout the commonwealth, by providing regulations for the control of certain communicable diseases and the prevention of infection therefrom, and prescribing penalties for the violation of said regulations." The latter act specifically repeals various sections of the act of 1895 leaving but the title, the enacting clause and secs. 12, 20 and 21. Section 12 requires principals of schools to refuse admission of children, except upon certificate of a physician. Section 20 relates to members of boards of health and sec. 21 provides a penalty for the violation of the provisions of the act and as amended by the Act of 1903, P. L. 244, requires prosecutions to be brought within sixty days after the offense has been committed. It is argued that these two acts being in pari materia the limitation of sixty days within which suit must be brought applies to the latter act. To this we cannot assent. The act of 1909 does not purport to be an amendment of the act of 1895. It provides a complete system in itself, places new penalties upon its violation and repeals practically the entire act of 1895 except as above noted. The act of 1895 is therefore left with its unrepealed sections and the penalty for its violation can still be invoked as against those who offend against the sections which still remain. We know of no rule or construction which would take a provision of the penalty clause, which as we have stated can still be invoked under what remains of the old act and incorporate it into the act of 1909. There is certainly nothing to indicate that the legislative mind contemplated any such result.

The other matter is the question of costs. The justice of peace who sentenced the defendant imposed the costs upon him although the act of 1909, supra, under which he was sentenced provides merely for the imposi-

tion of a fine, and imprisonment in default of payment and says nothing as to costs. The defendant argues that as no costs are mentioned in this act none can be imposed. We think, however, that in our state, the rule prevails that the conviction of the defendant renders him liable to the payment of costs. The costs follow the judgment, and are incident to it. None of the penalties mentioned in our Criminal Code, March 31, 1860, P. L 382, specifically include costs. At common law the defendant was liable for costs after indictment found, whether he was convicted or acquitted on the trial: Com. v. Horner, 34 Pa. 440, and it was not until the acts of September 23, 1791, 3 Sm. Laws, 37, and of March 20, 1797, 3 Sm. Laws, 281, were passed, that the defendant when acquitted was relieved of this duty. The preamble to the act of 1797 recites that the defendant when acquitted is "equally liable to costs of prosecution as if he were convicted." This was the case as to defendants charged with crime before a justice of the peace and acquitted, and sec. 13 of the act of 1791, supra (still in force, Lehigh Co. v. Schock, 113 Pa. 373) was passed to cure this evil. These acts left the defendant upon conviction still liable for costs. We think this rule applies to defendants whether convicted of crimes which are indictable or of offenses which are tried in summary manner without a jury.

Furthermore by a general law, the Act of April 17, 1876, P. L. 29, the legislature has given the court jurisdiction of the costs in summary convictions. That act provides "that upon the allowance of an appeal in cases of summary conviction the appeal shall be upon such terms as to payment of costs and entering bail as the court allowing the appeal shall direct." The general practice in such cases is to require the defendant to enter bail for the costs which have accrued and which may accrue to be paid if the conviction is sustained. It would be an anomaly to hold that a defendant who does not appeal need pay no costs, and one who appeals

and is convicted must pay them. We conclude that the defendant having been convicted is liable for the costs.

All the assignments of error are overruled and the order of the court is affirmed. Appellant for costs.