# Commonwealth *v.* Kane, Appellant.

*Criminal law—Disorderly conduct—Justice of the peace—Costs —Unfounded charge.*

A charge before a justice of the peace that the defendant "did wilfully and maliciously and with intent to disturb the peace act in a disorderly manner towards the affiant and his family, and especially towards his daughter, Elizabeth, by using vulgar, profane and indecent language in the presence and hearing of said parties with intent that they should hear the same," does not charge the defendant with any statutory crime, or any offense defined under the criminal laws of Pennsylvania.

The impositions of costs on the defendant so charged, will not be sustained, inasmuch as the charge is unfounded within the meaning

of the Act of September 23, 1791, 3 Sm. L. 37, which provides that no costs shall be paid by an innocent person upon an unfounded charge.

Submitted Oct. 26, 1916. Appeal, No. 279, Oct. T., 1916, by defendant, from order of C. P. Blair Co., Oct. T., 1915, No. 104, sustaining judgment of justice of the peace in case of Commonwealth v. Clark Kane. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Certiorari on a summary conviction before a justice of the peace.

The opinion of the Superior Court states the facts.

*Error assigned* was in sustaining the judgment of the justice of the peace.

*Thos. H. Greevy,* with him *R. A. Henderson,* for appellant.—The record merely states the charge as set forth in the complaint. Both fail to charge an offense under the statute. It is not charged that there was any loud, boisterous and unseemly noise or disturbance; that the same was to the annoyance of the peaceable residents nearby, or near to a public highway or street, etc., whereby the public peace was broken or disturbed or the traveling public annoyed: Shyrock v. North Braddock Boro., 43 Pa. Superior Ct. 508; Reid v. Wood, 102 Pa. 312; Com., to use, v. Davidson, 11 Pa. Superior Ct. 130; Com. v. Gelbert, 170 Pa. 426.

There was no authority to impose the costs on defendant: Linn v. Com., 96 Pa. 285.

No printed brief for appellee.

OPINION BY TREXLER, J., December 18, 1916:

The defendant was charged before a justice of the peace that "he did wilfully and maliciously and with intent to disturb the peace, act in a disorderly manner

towards the affiant and his family and especially toward his daughter, Elizabeth, by using vulgar, profane and indecent language in the presence and hearing of said parties with intent that they should hear the same." The substance of the testimony of the witnesses is not set out in the transcript of the justice. There is nothing which shows that the defendant was charged with any statutory crime or had committed any offense defined under our criminal laws. The Act of May 2, 1901, Section 1, P. L. 132, punishes disorderly conduct, but such disorder must be accompanied "by loud, boisterous, and unseemly noise, or disturb the peaceable inhabitants near by or near to any public highway, etc." None of these essentials are set out in the record. The magistrate entered judgment as follows: "Judgment is given that defendant pay cost of prosecution and in default of which ten days in Blair County jail." Upon petition for a special allowance of a certiorari, the learned judge of the court below stated that had there been a fine imposed, he would have sustained the exceptions to the record, but "even though a defendant is not technically guilty of the crime charged, a magistrate has the power to punish a defendant by placing costs upon him." The Act of September 23, 1791, 3 Smith's Laws 37, provides "that where any person shall be brought before a court, justice of the peace or other magistrate......on the charge......of having committed a crime and such charge upon examination shall appear to be unfounded, no costs shall be paid by such innocent person but the same shall be chargeable to and paid out of the county stock by such city or county." This act is still in force and under it the magistrate has no power to impose the costs upon the complainant when the charge is unfounded: County of Lehigh v. Schock, 113 Pa. 373. The magistrate could do one of two things, discharge the defendant and the costs would then fall on the county or enter judgment convicting the defendant and unless the judgment be reversed the costs

in the latter case would fall on him: Com. v. Evans, 59 Pa. Superior Ct. 607 (613).

We think the learned judge was wrong in holding that the justice had the power to punish the defendant by placing costs upon him when the record does not show that he was guilty of the crime charged.

The judgment is reversed.