## Justices' Costs.

*Justice of the peace—Summary proceedings—Costs—Discharge of defendant—Act of Sept. 23, 1791.*

1. A summary proceeding before a justice of the peace for a violation of the law is essentially a criminal proceeding for a public offence.

2. Such a proceeding is embraced in the provisions of section 13 of the Act of Sept. 23, 1791, 3 Sm. Laws, 37, relating to costs.

3. A justice of the peace has no authority to impose the costs on a defendant in a summary proceeding where the defendant has been discharged, because the proceeding against him was unfounded.

Department of Justice. Opinion to Hon. John M. McKee, Deputy Secretary of Agriculture.

Justices' Costs.

Brown, Dep. Att'y-Gen., Dec. 23, 1924. — You have asked to be advised whether or not it is legal for a justice of the peace to impose costs on a defendant charged with having violated the law and who, at the hearing before the justice of the peace, is discharged on account of the charge being unfounded.

The Act of Sept. 23, 1791, 2 Sm. Laws, 37, provides: "That where any person shall be brought before a court, justice of the peace or other magistrate . . . on the charge . . . of having committed a crime, and such crime, upon examination, shall appear to be unfounded, no costs shall be paid by such innocent person, but the same shall be chargeable to and paid out of the county stock by such city or county."

Prior to the passage of the Act of 1791, any one accused of crime in Pennsylvania and arrested and tried before the proper tribunal was met by the rule of the common law which exacted from him the costs of prosecution, even though he was acquitted. This wrong to those accused of crime, when the accusation, after examination, appeared to be unfounded, the statute of 1791 redressed.

Defendants charged with crime before a justice of the peace, even though discharged, were: "Equally liable to costs of prosecution as if he were convicted," and section 13 of the Act of 1791 was passed to cure this evil, and, as was held in Com. v. Evans, 59 Pa. Superior Ct. 607, the rule applies to defendants, both in crimes which are indictable and those which are tried in a summary manner without a jury.

A summary proceeding for a violation of the law is essentially a criminal prosecution for a public offence. It is brought in the name of the Commonwealth and is founded upon an information or charge against the person accused, and is proceeded in according to the course of the common law, except as modified and directed by statutory provisions relating thereto. Such a proceeding is embraced in the provisions of section 13 of the Act of 1791, and defendants are relieved from the payment of costs where the charge is unfounded and they are discharged.

In speaking of the Act of Sept. 23, 1791, 3 Sm. Laws, 37, the Superior Court in Com. v. Kane, 65 Pa. Superior Ct. 258, held: "This act is still in force, and under it the magistrate has no power to impose the costs upon the complainant when the charge is unfounded: Lehigh County v. Schock, 113 Pa. 373. The magistrate could do one of two things, discharge the defendant and the costs would then fall on the county, or enter judgment convicting the defendant, and unless the judgment be reversed, the costs in the latter case would fall on him: Com. v. Evans, 59 Pa. Superior Ct. 607, 613.

"We think the learned judge was wrong in holding that the justice had the power to punish the defendant by placing costs upon him when the record does not show that he was guilty of the crime charged."

The Act of 1791 speaks of "any person brought before a . . . justice of the peace or other magistrate on the charge of having committed a crime."

A crime is defined in Bouvier's Law Dictionary as: "An act committed or omitted in violation of a public law forbidding or commanding it; a wrong which the government notices as injurious to the public and punishes in what is called a criminal proceeding in its own name."

This definition embraces all offences against the law, whether proceeded against by indictment or in a summary way.

The leading case in this State construing the Act of 1791 and the imposition of costs on defendants where the charge appears to be unfounded is Lehigh County v. Schock, 113 Pa. 373. In that case the Supreme Court, speaking

through Mr. Justice Trunkey, said: "Section 13 of the Act of 1791 applies to every case where a person is before a magistrate on a charge of having committed a crime and the charge appears unfounded. No difference is made between crimes that are felonious and those that are not felonious, or by reason of some being infamous and others not, or because some are of a deeper dye than others. The innocent person shall not pay costs."

I, therefore, advise you that a justice of the peace or other magistrate has no right to impose costs on a defendant where, after examination, the charge appears to be unfounded and the defendant is discharged.

From C. P. Addams, Harrisburg, Pa.