## Commonwealth v. Young

*John Paul Reese*, for defendant.

HUGHES, P. J., February 1, 1940.—Defendant was arrested on April 16, 1939, on information made by W. J. Duke, and it was charged that defendant "did on the above date unlawfully and wilfully make loud and boisterous noise swearing, cursing, and calling names in public by using profane language." This information is made under the Act of May 2, 1901, P. L. 132, which reads as follows:

"That from and after the passage of this act, if any person or persons shall wilfully make or cause to be made any loud, boisterous and unseemly noise or disturbance to the annoyance of the peaceable residents near by . . . or near to any public highway, road, street, lane, alley, park, square or common within this Commonwealth, whereby the public peace is broken or disturbed or the traveling public annoyed, he, she or they shall be guilty of the offense of disorderly conduct."

The justice of the peace under the information found defendant guilty of disorderly conduct and sentenced de-

fendant. Defendant took his appeal to the court of quarter sessions, and on June 27, 1939, filed a motion to quash information on the grounds that it failed to allege that the acts of defendant complained of were "to the annoyance of the peaceable residents near by" or that they were committed "near to any public highway, road, street, lane, alley, park, square or common" or that "the public peace" was "broken or disturbed or the traveling public annoyed" thereby.

We recognize that it is sufficient and good in law if the crime is charged plainly and the nature of the offense charged may be easily understood: Commonwealth v. Norris, 87 Pa. Superior Ct. 61; and that informations are sufficient when drawn in the exact language of the statute: Commonwealth v. Romesburg, 91 Pa. Superior Ct. 559. But we must always keep in mind that in matters of summary conviction the complaint is the foundation of the proceedings and it must distinctly state the elements of the crime charged in a direct and positive manner: Commonwealth v. Gelbert, 170 Pa. 426. The Act of 1901, supra, sec. 1, punishes disorderly conduct but such disorderly conduct must be "to the annoyance of the peaceable residents near by . . . or near to any public highway, road, street, lane, alley, park, square or common within this Commonwealth". None of these essentials is set out in the record and there is therefore nothing which shows that the defendant was charged with any statutory crime or had committed any offense defined under our criminal laws: Commonwealth v. Kane, 65 Pa. Superior Ct. 258. Under very similar circumstances, and for the same reasons, informations were quashed in the case of Commonwealth v. Randall, 21 Luz. L. R. Rep. 133, and Commonwealth v. Melchune, 21 Luz. L. R. Rep. 268.

And now, February 1, 1940, by motion of Charles D. Young, the information in the foregoing case is quashed.