96     285<br>e 23 SC ³ 70

# Linn *versus* The Commonwealth.

96   285<br>f39SC⁴114<br>39SC⁴634

1. L. filed exceptions to the sufficiency of bail in error in a case depending in the Supreme Court. He accompanied the exceptions with his own affidavit, and the statements contained in this affidavit were alleged to be false and he was indicted for perjury therefor : *Held*, there being no law which requires exceptions to bail in error to be sworn to, the oath taken by the defendant was extrajudicial, and if false was not the subject of an indictment for perjury.

2. It is error to sentence a defendant upon an indictment which does not charge a legal offence.

3. Where an indictment sufficiently charges an offence, a failure to convict from want of evidence does not take from the jury the control of the costs in cases of misdemeanor. But where an offence is neither charged nor proved, the jury have nothing to do with the costs, nor have they any duty to perform whatever.

4. When the language of a charge is intemperate and unfair and removed from the dignity and impartiality which should mark the judicial character.

November 15th 1880.    Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.    SHARSWOOD, C. J., absent.

Certiorari to the Court of Quarter Sessions of *Butler county :* Of October and November Term 1878, No. 334.

Appeal of L. G. Linn from the taxation of costs in the case of the Commonwealth against said Linn.

The material facts will be found stated in the opinion of this court.

[Linn *v.* Commonwealth.]

The following were among the assignments of error:—

1. The court, McJunkin, P. J., erred in refusing to quash the indictment for the reason that the oath taken by the defendant, and on account of which the crime is charged was not necessary, and hence not material and was extrajudicial.

5. The oath must not only have been made wilfully, falsely, but absolutely. There is nothing of an absolute character about the oath, it concluding as follows: " To the best of his knowledge, information and belief."

6. The court erred in overruling the motions and reasons assigned to quash before trial and after trial, instructing the jury that the charges assigned in the indictment did not constitute legal perjury; that they could (or might) have quashed the indictment, but that they wanted to give the case the light of day; that there was probable cause, and that the jury would be warranted in placing the costs on the defendant, and in not quashing the indictment before trial. For this reason the verdict should be set aside, and the defendant should not pay any portion of the Commonwealth's bill of costs.

10. The court erred in allowing the Commonwealth's bill of costs when the testimony taken by the prosecutor on appeal from the taxation of costs shows that the large number of witnesses included in the bill who were not called or examined on part of the Commonwealth, were subpœnaed by John Smith, the prosecutor, to sustain his own private character for truth and veracity if attacked, which was not a part of the *res gestæ*, and the witnesses were therefore not material and necessary and the costs should be disallowed.

11. The court erred in allowing the Commonwealth any costs for witnesses, after motions made and reasons assigned to quash.

*Lewis Z. Mitchell, Charles McCandless* and *H. H. Goucher,* for plaintiff in error.—The court erred in overruling and refusing to quash the indictment for the reasons embodied in the first assignment of error. The indictment shows on its face that the oath on account of which the perjury is charged, was to exceptions to bail on a writ of error then pending in the Supreme Court, which oath was neither required by law, rule or order of court, and hence the oath, though it were false, was not necessary, and was immaterial and extrajudicial, and an indictment could not be founded upon it. Rule " 5" of the Supreme Court under which these exceptions were filed, does not require an oath, and the information and indictment are fatally defective in not showing the materiality of the oath by setting forth by way of inducement, that the oath, on account of which perjury is charged, was required by law or rule of court. The oath could not have been material to the alleged issue in this case, for it is made the duty of the prothonotary to *non pros.* after ten days,

[Linn *v.* Commonwealth.]

when exceptions are filed to bail and notice given, although the exceptions be not sworn to, the requirements of the rule are complied with without an oath.

The language of the court in their instructions to the jury was unwarranted and greatly prejudicial to the cause of the defendant. There is no sanction of law for such a charge, and it was unfair to the defendant. The allowance of fees to eighty-two witnesses was unjustifiable.

*W. A. Forquer*, District Attorney, *contra.*—That the oath taken by the defendant and on account of which the perjury is charged, was not necessary, and hence not material, and was extrajudicial, we contend was question of fact to be ascertained from the evidence, which could not be ascertained before the case was put on trial, and the rules and practice in the Supreme Court, in regard to exceptions to bail, were proven to the court and jury.

Mr. Justice PAXSON delivered the opinion of the court, January 3d 1881.

This cause was removed into this court upon a writ of certiorari specially allowed by the chief justice under the thirty-third section of the Criminal Procedure Act of 31st March 1860, Pamph. L. 427. If anything were needed to vindicate the wisdom of this legislation, it is to be found within the four corners of this record.

The defendant below, who is a member of the bar, was indicted in the Quarter Sessions of Butler county for the offence of perjury. The defendant had filed exceptions to the sufficiency of bail in error in a cause depending in this court. He accompanied the exceptions with his own affidavit, and it was the statements contained in the affidavit that were alleged to be false. There being no law which required exceptions to bail in error to be sworn to, the oath taken by the defendant was extrajudicial, and if false was not the subject of an indictment for perjury. A motion was made in the court below to quash the indictment upon this ground. Instead of doing so the learned judge proceeded to try the case upon the mistaken idea that it was his duty to let "the light of day" in upon the transaction. This appears by the charge of the court. After instructing the jury that the oath taken by the defendant was extrajudicial, and for that reason there could be no conviction, the court said: "The defendant may, by a legal technicality, escape the consequences of the guilt of legal perjury; yet he may go out of court stained all over—covered all over with moral perjury. He may go out of court a leper with the sin of moral perjury upon him as white as snow. That question is to be considered by you gentlemen in regard to the costs. That is where we feel constrained to say to you this case comes. We might, by giving the benefit of the doubt or doubts to the accused,

[Linn *v.* Commonwealth.]

have kept this case out of court, but we were of the conscientious belief, and are of that belief yet, that it was important that this prosecution should see the light of day—be spread out so the sunlight might penetrate its every part and particle, and to the utmost extent of the court, that it should receive the condemnation, the moral condemnation that the act deserves."

This language is intemperate and unfair. It is many degrees removed from the dignity and impartiality which should mark the judicial character. It is far more objectionable than the charge which this court pointedly condemned in Cox *v.* Derringer, 1 Norris 258, for the reason, amongst others, that Cox *v.* Derringer was a civil case, while the issue here involved both infamy and imprisonment.

It is but just to the defendant to say that there was evidence from which the jury might have found that he intended no wrong; that the affidavit was made and filed under a misapprehension; carelessly, perhaps, but not corruptly. Yet of what avail would such evidence be in the face of the language I have cited from the charge ? Coming as it did with the weight of judicial authority, it could not fail to crush the defendant. The verdict imposing the costs upon him followed almost as a matter of course. The defendant having been sentenced to pay the costs, the Commonwealth's bill was filed. It included $607.46 for pay and mileage of witnesses. But eight witnesses were examined on the part of the Commonwealth; fees and mileage were allowed to eighty-two witnesses. Upon appeal by the defendant the clerk of the Quarter Sessions reduced the bill to $218.28, which, with the record costs, $29.21, was paid by the defendant. The Commonwealth appealed from the taxation of the clerk and the court below set aside his taxation and sustained the entire bill. The present writ of certiorari was intended to reach this ruling upon the question of costs, and error has been assigned thereto.

We need not discuss our power to review the taxation of costs in this proceeding. The judgment itself must be reversed, and the costs fall with it. It was error to sentence the defendant upon an indictment which charged no legal offence. Had the indictment been good it might have been otherwise. Where it sufficiently charges an offence, a failure to convict for want of evidence does not take from the jury the control of the costs in cases of misdemeanors. But where an offence is neither charged nor proved the jury have nothing to do with the costs, nor have they any duties to perform whatever.

The judgment is reversed, the indictment is quashed, and it is further ordered that the defendant have restitution of the taxed costs so far as they have not been paid out by the clerk, or have been received by the prosecutor below; and that the record be remitted.