## Commonwealth *v.* Dickinson.

*Costs—Game laws—Killing deer—Act of May 1, 1909, Sec. 18, P. L. 334—Liability of county for costs—Acts of May 19, 1887, P. L. 138, April 16, 1903, P. L. 213, and April 14, 1905, P. L. 153.*

Where a prosecution instituted in good faith by the secretary of the Board of Game Commissioners against a person for the unlawful killing of deer in violation of Sec. 18, of the Act of May 1, 1909, P. L. 334, has resulted in an acquittal of the defendant by a jury in the Court of Quarter Sessions, with costs imposed upon the prosecutor, the Court of Quarter Sessions in setting aside so much of the verdict as related to the costs being imposed upon the prosecutor, should make an order directing that the county should pay the costs.

Argued Oct. 26, 1915. Appeal, No. 160, Oct. T., 1915, by Joseph Kalbfus, from order of Q. S. Clearfield Co., May Sessions, 1913, No. 19, refusing to impose costs of prosecution on the County of Clearfield in case of Commonwealth v. B. M. Dickinson. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Petition of Joseph Kalbfus for an order on the County of Clearfield to pay costs of prosecution. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

The court made the following order:

Now, this 1st day of April, A. D. 1915, so much of the verdict as imposes the costs upon Dr. Joseph Kalbfus is set aside under the mandate of Commonwealth v. Shaffer without prejudice to the right of the County of Clearfield to make the defense of want of good faith

of the prosecution or any other defense which may be deemed available against any attempt to charge the County of Clearfield with any of the costs of this proceeding. The request that the court shall order the county to pay the costs of this proceeding is refused.

*Error assigned* was the order of the court.

*William M. Hargest,* Deputy Attorney General, and *William I. Swoop,* with them *Francis Shunk Brown,* Attorney General, for appellant.—Under the Act of April 16, 1903, P. L. 213, the county became immediately liable for costs, when the verdict imposing them upon the prosecutor, was set aside: Com. v. Doyle, 16 Pa. Superior Ct. 171.

The prosecution in this case was a criminal proceeding within the meaning of the Act of April 14, 1905, P. L. 152: Com. v. Doyle, 16 Pa. Superior Ct. 171; Com. v. Shaffer, 52 Pa. Superior Ct. 230; Jerigan v. Com., 52 S. E. 361; Com. v. Shields, 50 Pa. Superior Ct. 194; U. S. v. Eaton, 144 U. S. 687; Lehigh Co. v. Schock, 113 Pa. 373; Commonwealth v. Adams, 39 Pa. C. C. R. 332; Commonwealth v. Curren, 9 Philadelphia 523.

Under the Act of May 19, 1887, P. L. 138, the county is liable in all cases of misdemeanor for the costs of prosecution where there is a final determination of the case: Allen v. Delaware County, 161 Pa. 550; Wright v. Donaldson, 158 Pa. 88.

It was the duty of the court to make an order imposing the costs upon the county.

It is the policy of Pennsylvania to especially protect game wardens and fish protectors, and by a series of laws; they are given the right to recover costs from the county: Smith v. Clinton County, 17 Dist. 202; Walker v. Jefferson County, 33 Pa. C. C. R. 298.

*James P. O'Laughlin,* with him *Thomas H. Murray* and *Hazard A. Murray,* for appellee, cited: Com. v.

Shaffer, 52 Pa. Superior Ct. 230; Guffy v. Com., 2 Grant
(Pa.) 65; Com. v. Charters, 20 Pa. Superior Ct. 599.

OPINION BY ORLADY, P. J., April 17, 1916:

This appellant made an information before a justice of
the peace, which charged the defendant with "unlaw-
fully killing a male deer, which did not have horns visi-
ble above the hair" in violation of Section 18, of the Act
of May 1, 1909, P. L. 334. The defendant was found
guilty by the justice, and upon a special allowance he
was granted an appeal to the Court of Quarter Sessions,
the order stating, "the case to be proceeded with by in-
dictment as other charges of misdemeanor."

On the trial in the Quarter Sessions a verdict was re-
turned, as follows, "we find the defendant, B. M. Dick-
inson, not guilty, and the prosecutor, Joseph Kalbfus
pay costs."

The appellant presented his petition to the court to
set aside the verdict in so far as it related to costs, for
the reason, that the prosecution was instituted and con-
ducted to a verdict on probable cause; and in good faith
by a public officer,—the secretary of the Board of Game
Commissioners,—who, as such was the proper person to
protect and preserve the game, song and insectivorous
birds and mammals of the State. The court, under au-
thority of Commonwealth v. Shaffer, 52 Pa. Superior Ct.
230, set aside the verdict so far as it imposed costs on the
prosecutor, but refused to make an order on the county
to pay the costs of prosecution, and this appeal is pre-
sented to determine the accuracy of that order.

We are satisfied that the court placed a wrong con-
struction on the verdict, in holding—"what the jury
really decided was, that Dr. Dickinson should not pay
these costs, and that the County of Clearfield should not
pay them, and to this finding this court will give all
effect possible." The jury did not mention the County
of Clearfield in the verdict, and having made a mistake,
as a matter of law, in the futile attempt to impose

costs of prosecution on a public official, it follows, that the liability of the county therefor is to be determined under the statutory provisions relating thereto.

The reasons given by the court for withholding the order are alike unwarranted, viz: "The burden upon the county of paying costs in unsuccessful prosecutions is wholly unjust and unreasonable,......that the county should be burdened with the costs of unsuccessful prosecutions has no foundation in proper legislation."

The constitutionality of any of the game laws was not questioned, and it is the plain duty of the courts to make their provisions effective by furthering their enforce: ment. The Act of 1905, under which the court refused to make the order, is but one of a system of acts relating to the subject of costs in such cases, and to interpret the legislative will we must have recourse to its own words, and to like enactments relating to the same subject-matter. With the wisdom of such legislation we are, or should not be concerned; it represents the declared will of the law-making power of the State. It is the policy of our laws to protect officers and witnesses for the Commonwealth, and secure to them the legal costs for their compulsory service in behalf of the Commonwealth. To hold otherwise would mean that witnesses, whose testimony is necessary to successfully maintain prosecutions in the name of the Commonwealth, who could be required by attachment to be present in court, and yet be without remedy as to their proper costs. No authority can now be found for such a conclusion. Whatever doubt there was on the subject, was settled by the Act of May 19, 1887, P. L. 138, the title to which is—providing for payment of costs in criminal cases by the proper county, and the first section is, as follows: "That the costs of prosecution accruing in every case of misdemeanor in any of the Courts of Quarter Sessions of the Peace of this Commonwealth shall, on the termination of the prosecution, by the bill of indictment being ignored by the grand jury, or by a verdict of a traverse jury and

sentence of the court thereon, be immediately chargeable to and paid by the proper county."

The effect to be given to the words "on the termination of the prosecution, by the bill of indictment being ignored by the grand jury, or by a verdict of a traverse jury and sentence of the court thereon," is carefully considered in Wright v. Donaldson, 158 Pa. 88, in which WILLIAMS, J., says in regard to it: "The Act of 1887 was intended to remedy the hardships of that of 1860. It changed the position of the county from that of an ultimate guarantor liable only after all proper legal remedies had been used unsuccessfully against the party on whom the costs had been imposed, to that of liability in the first instance; and charged it with the duty of using all the legal means of collection from the proper party, to reimburse itself." This was followed in Allen v. Delaware County, 161 Pa. 550, the court saying: "The Act of 1887 in creating a liability of the county for costs in such a case did not mean that the court should go through the superfluous formality of sentencing the county to pay, for the act itself expressly does that by the direction that the county shall be 'immediately chargeable' with them,......There is no reason for construing the requirement of a sentence as applicable to cases where it could only be a most superfluous technicality, totally without influence on the liability of the county which it was the purpose of the act to establish."

In the present case the defendant was relieved by the verdict of the jury, and the prosecutor by the order of the court setting aside the verdict as to costs. The matter as to each of these was terminated, and neither had any further liability in regard to it.

The Act of April 16, 1903, P. L. 213, provides that when officers whose duty it is by the laws of this State to protect our game, our song or insectivorous birds, shall in good faith bring suit for violation of any of the laws relative to these subjects, and for any legal cause shall fail to recover the costs of record, the same shall be a charge upon the proper county, and shall be audited and

paid as costs of like character in said county. And the second section of the Act of April 14, 1905, P. L. 153, provides, "that whenever the verdict of a jury, imposing costs upon the prosecutor or defendant in any criminal proceeding, shall be set aside by the court; it shall be lawful for the court to make an order directing the county to pay the same, which order shall be sufficient authority for the payment of the same by the county. The use of the words "it shall be lawful" did not change the liability of the county as fixed by the Act of 1887. The latter act being confirmatory of the earlier one; making the order indicated by the Act of 1905, did not involve the exercise of judicial discretion, unless it was found that the prosecution was unfounded, or for want of probable cause existing at the time when it was commenced, or was maliciously conducted, as indicated in Guffy v. Commonwealth, 2 Grant 65.

This record shows that the appeal from the judgment of the justice was allowed by the court below, "as a proper case for investigation before a court and jury" and when the case was before this court in Commonwealth v. Dickinson, 57 Pa. Superior Ct. 380, it was decided that the indictment was a proper one under the statute. The record shows that the prosecution was instituted by a public officer, whose duty it was to enforce the game laws of the Commonwealth; and there is nothing to suggest that it was recklessly or maliciously brought, or that there was lack of probable cause. The amount of the costs is not before us for taxation; that phase of the question has never been passed on by the court below, and if there are errors in the bill as filed, it may be corrected under the usual procedure; the court retains control of that question until they are paid.

No good reason being shown for refusing to make the order that the county should pay the costs of prosecution, the order of the court below is reversed, and it is now ordered that the costs authorized by the law in this case to be taxed of record, be chargeable to and paid by the County of Clearfield.