# Commonwealth, Appellant, *v.* Bixon.

*Criminal law—Costs—Setting aside verdict—Imposing costs on defendant acquitted.*

Where a jury in rendering a verdict of acquittal in a criminal case, imposes half of the costs upon the defendant, the court in the exercise of a proper discretion may set aside the portion of the verdict which imposes half the costs upon the defendant.

In such a case the trial court exercises a discretion, judicial in its nature, and is to be guided by the general principles that govern

the exercise of judicial discretion. It may be reviewed only so far as to determine whether its exercise is judicial or arbitrary, and it is only an abuse of this discretion that is subject to correction.

Argued April 17, 1917.    Appeal, No. 129, April T., 1917, by plaintiff, from order of Q. S. Lawrence Co., Sept. Sessions, 1916, No. 63, setting aside a portion of the verdict relating to costs in case of Commonwealth v. C. K. Bixon.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Indictment for carrying a concealed weapon.    Before SLOAN, P. J.

At the trial the jury returned the following verdict:

And now, to wit: Sept. 22, 1916, we, the jurors empaneled in the above entitled case find the defendant C. K. Bixon, not guilty, but pay half cost, and C. A. Livingston, prosecutor, pay half cost.

Subsequently the defendant presented a petition to the court in which he averred as follows:

"That the said defendant was a special officer in the employ of the Wolcott Detective Agency, and was carrying a revolver for the defense of his person in pursuit of his employment.

"That his employment was from its nature hazardous and that the carrying of said weapon was necessary for the protection of the defendant.

"That as a special officer he had the right to carry said weapon and was doing it for a lawful purpose.

"That the finding of the jury was contrary to the charge of the court:

"Therefore it is prayed that the portion of the costs in said case which the jury placed on the said C. K. Bixon be stricken off and an order issued directing that the County of Lawrence pay that portion of the costs in this case which the jury placed upon the defendant, and will ever pray."

The court made the following order:

556    COMMONWEALTH, Appellant, v. BIXON.

Statement of Facts—Opinion of the Court. [67 Pa. Superior Ct.

Now, Sept. 27, 1916, the within petition presented in open court and it is ordered the costs in the within case which were placed by the jury on C. K. Bixon, the defendant, be stricken off and that the County of Lawrence be directed to pay this portion of said costs.

*Error assigned* was the order of the court.

*William McElwee, Jr.*, with him *Clyde V. Ailey*, District Attorney, for appellant, cited: Com. v. Charters, 20 Pa. Superior Ct. 599; Com. v. Doyle, 16 Pa. Superior Ct. 171.

No printed brief for appellee.

OPINION BY PORTER, J., July 13, 1917:

The defendant was tried in the court below upon an indictment charging that he did unlawfully and maliciously carry a concealed weapon upon his person, with intent therewith, unlawfully and maliciously to do injury to one C. A. Livingston. The jury returned a verdict of not guilty but imposed one-half the costs on the defendant and the other half upon the prosecutor. The court, upon petition of the defendant, set aside that part of the verdict imposing one-half of the costs upon the defendant, and ordered that that portion of the costs be paid by the County of Lawrence. The Commonwealth appeals from that order. It is contended upon the part of the learned counsel representing the Commonwealth that the court was without power to set aside the finding of the jury imposing costs upon the defendant, and that if such power existed there was in this case an abuse of discretion upon the part of the court below, in making the order above recited.

Counsel for the Commonwealth concedes that the court was vested with discretion to set aside so much of the verdict as imposed one-half of the costs upon the prosecutor, but they say in their brief that: "So far as

we are able to find, no appellate court has held that the power of the court to do so extends to cases where the costs were placed on the defendant." The failure of counsel to find the case of Linn v. Commonwealth, 96 Pa. 285, was no doubt owing to the fact that that case does not seem to have been cited in some of the digests of decisions. The Supreme Court, held, in that case, not only that the verdict of a jury imposing costs on a defendant who was acquitted was subject to the control of the court, but reversed the order of the court below and ordered restitution of the costs so far as they had been paid by the defendant. In relieving a defendant from costs imposed on acquittal, the same principles, substantially, have been applied as when dealing with cases in which the costs were imposed on a prosecutor. Those provisions of the Act of March 31, 1860, P. L. 427, which relate to the disposition of costs upon acquittal of the defendant did not involve any material departure from the earlier statute of December 8, 1804, relating to the same subject. It was held that the statute last mentioned, authorizing the jury, in cases of acquittal, to determine by their verdict, whether the prosecutor, the county, or the defendant should pay the costs, did not take away the common law supervision of the courts, which belongs to trial by jury, and that it was within the power of the court to set aside a verdict imposing costs: Guffey v. Commonwealth, 2 Grant 65. That decision has been consistently followed by the Supreme Court as well as this court. In disposing of the costs, when there is a verdict of this character, the trial court exercises a discretion, judicial in its nature, and is to be guided by the general principles that govern the exercise of judicial discretion. It may be reviewed only so far as to determine whether its exercise is judicial or arbitrary; and it is only an abuse of this discretion that is subject to correction: Commonwealth v. Kocher, 23 Pa. Superior Ct. 65.; Commonwealth v. Shaffer, 52 Pa. Superior Ct. 230, in which cases the earlier decisions upon the subject were fully considered.

The Act of April 14th, 1905, Sec. 2, P. L. 152, involved a distinct legislative recognition of the authority of the courts to set aside verdicts of the character with which we are now dealing. The statute provided, "That whenever the verdict of a jury, imposing costs upon the prosecutor or defendant in any criminal proceeding, shall be set aside by the court, it shall be lawful for the court to make an order directing the county to pay the same, which order shall be sufficient authority for the payment of the same by the county: Provided, That the provisions of this section shall not apply to costs for the attendance or subpœnaing of defendant's witnesses." This court held, in an opinion by President Judge ORLADY, in Commonwealth v. Dickinson, 62 Pa. Superior Ct. 468, that the Act of 1905 was but one of a system of acts relating to the subject of costs in such cases, and that when a verdict imposing costs on a defendant or prosecutor was set aside, the court should make an order directing that the county pay the costs. It follows, therefore, that the only question in this case is whether the court below abused its discretion in setting aside the verdict imposing costs on the defendant. An abuse of discretion upon the part of the court below is not to be assumed, it must be established by the party who alleges it, by the record which we have authority to consider. The record, as printed in the paper book of the appellant, is exceedingly meagre, and we find nothing in it which would warrant us in convicting the court below of an abuse of discretion. The specifications of error are dismissed.

The judgment is affirmed.