## Commonwealth v. Deneen.

*Costs—Game laws—Prosecution under game laws—Witness fees—Costs charged against county—Act of April 16, 1903.*

Under the Act of April 16, 1903, P. L. 213, the costs of record of an appeal from a summary conviction for a violation of the game laws are, under certain circumstances, payable by the county, and this applies to witness fees, which become a matter of record after they have been duly taxed.

Rule on county commissioners to pay costs. Q. S. Fulton Co., March Sess., 1921, No. 12.

*John R. Jackson,* for rule; *John P. Sipes,* contra.

McPHERSON, P. J., Nov. 6, 1924.—The above entitled case was a summary conviction heard by the court on appeal. It was dismissed and the county ordered to pay the costs of record, as provided by the Act of April 16, 1903, P. L. 213. This act provides as follows: "Whenever any officer of this Commonwealth, whose duty it is by the laws of this State to protect our game, our song or insectivorous birds, shall, in good faith, bring suit for violation of any of the laws relative to these subjects, and for any legal cause shall fail to recover the costs of record, the same shall be a charge upon the proper county, and shall be audited and paid as other costs of like character in said county."

The commissioners, subsequent to the issuance of this rule, have paid the costs in favor of B. Frank Henry, Clerk of the Court; A. D. Hohman, Sheriff; A. D. Peightel and Frank Ranck, justices of the peace, leaving unpaid the witness fees claimed by the witnesses who were subpœnaed by the Commonwealth and were in attendance at the hearing of the case in pursuance of said subpœna.

We have been unable to find in our adjudicated cases any definition of costs of record. The phrase, however, in its natural meaning would seem to include all costs that are or can be made a matter of record in any particular case. In cases of summary conviction, such as this action, the defendant, if found guilty, is subject to the penalty of a certain sum of money, together with costs of prosecution, which costs, including the witness fees, can, of course, be made a matter of record by a proper taxation of them by the Clerk of the Courts, based on a bill of costs properly made out, verified and filed with him. The collection of these costs cannot be had until after they become a matter of record by taxation, but having been taxed, they become part of the sum to be paid by the defendant. As against the defendant, such costs unquestionably become by taxation costs of record, and it would seem to follow that if they are costs of record as against the defendant, they must also be costs of record which the Act of 1903 provides that the county shall pay in case they cannot be collected or recovered from the defendant. This interpretation of the Act of 1903 seems to be in full accord with the general policy of the Commonwealth, as exhibited by acts relating to the payment of costs by the county, whereby witnesses whose testimony is necessary to specifically maintain prosecutions therein and whose attendance could be required by attachment, are made secure in their costs.

In Com. *v.* Tressler, 67 Pitts. L. J. 474, the county was ordered to pay the costs before the justice, including fees of witnesses, where the proceedings were dismissed, as being costs of record within the meaning of the Act of April 16, 1903, P. L. 213.

In Smith *v.* Clinton County, 17 Dist. R. 202, the costs incurred in an action before the justice under the game laws, where defendant was found guilty

and served time in jail in lieu of the payment of fines imposed, were ordered paid by the county.

In Walker v. Jefferson County, 16 Dist. R. 757, under the Act of April 16, 1903, P. L. 213, the officer who made the complaint in an action to enforce the game laws before a justice of the peace, when the defendant was discharged, recovered the costs from the county.

While the case of Com. v. Dickinson, 62 Pa. Superior Ct. 468, does not specifically pass upon the terms of the Act of 1903, yet, apparently, the court looked upon this act as one which protected witnesses in their costs, as well as the fees of the officers who may have rendered service in a particular proceeding.

And now, Nov. 5, 1924, the rule in the above entitled case is made absolute, and the county commissioners are ordered and directed to pay the costs taxed of record in the above entitled case which have not already been paid.

From John P. Sipes, McConnellsburg, Pa.