## Commonwealth v. Boyer.

*William R. Toal*, Assistant District Attorney (with him *William J. Mac-Carter, Jr.*, District Attorney), for Commonwealth.

*Wm. Cloud Alexander*, for defendant.

MacDade, J., Nov. 18, 1929.—The defendant, James Boyer, appeals from the taxation of costs in the above recited case and files the following specifications of the items to which he excepts and the reasons therefor:

"1. The amount allowed to the Heyburn Detective Agency, One hundred thirty-eight dollars and fifty cents ($138.50), and the amount allowed to the chemist, Twenty Dollars ($20.00), these not being proper items chargeable as costs against a defendant who is found 'Not Guilty' and the costs placed on him.

"2. There is no law requiring a defendant who is found 'Not Guilty' and the costs placed on him to pay such costs."

The Act of March 31, 1860, § 62, P. L. 427, provides: "In all prosecutions, cases of felony excepted, if the bill of indictment shall be returned ignoramus,

the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution; and in all cases of acquittals by the petit jury on indictments for the offenses aforesaid, the jury trying the same shall determine, by their verdict, whether the county, or the prosecutor, or the defendant, shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions; and the jury, grand or petit, so determining, in case they direct the prosecutor to pay the costs or any portion thereof, shall name him in their return or verdict; and whenever the jury shall determine, as aforesaid, that the prosecutor or defendant shall pay the costs, the court in which said determination shall be made shall forthwith pass sentence to that effect, and order him to be committed to the jail of the county until the costs are paid, unless he give security to pay them in ten days."

It seems that the defendant was charged with a violation of the liquor laws under the Act of 1923, and the jury, after trial, found the defendant "Not Guilty," but imposed the costs of prosecution upon him.

In the costs of prosecution the Commonwealth is endeavoring to have taxed, as part of the same, detectives' services as well as the services of a chemist in analyzing the liquor found in the possession of the defendant for the purpose of using their testimony in the trial, which was so used. There isn't any question at all but that the jury had authority to place the costs upon the defendant after acquitting him of the charges preferred against him under the authority of the above act, which says, "and in all cases of acquittals by the petit jury on indictments for the offenses aforesaid, the jury trying the same shall determine by their verdict whether the county or the prosecutor or the defendant shall pay the costs, etc."

Evidently, the jury intended that the defendant should pay the costs.

The verdict in the present case turned upon the credibility of testimony. Evidently, the defendant was acquitted because the jury did not regard the testimony as strong enough to exclude all reasonable doubt. It was within their discretionary power, under those circumstances, to impose the costs upon him: Com. v. Tilghman, 4 S. & R. 127; Com. v. Bishop, 14 Pa. C. C. Reps. 404; Com. v. Jones, 11 D. & C. 207.

The propriety of imposing costs upon a defendant is a matter for the exercise of discretionary judgment by the jury on the basis of the view they take of the evidence, and it is not the province of the court to retry the question and assume the place of the jury: Com. v. Wagner, 1 York Leg. Record, 24; Com. v. Gabby, 5 Dist. R. 159.

Indeed, the court may not set aside costs imposed by the jury on defendant indicted for manufacturing, sale and possession of intoxicating liquor in his home: Com. v. Tremeloni, 93 Pa. Superior Ct. 432; Com. v. Fedulla, 89 Pa. Superior Ct. 244; Com. v. Dombkowski, 86 Pa. Superior Ct. 468; Com. v. Bixon, 67 Pa. Superior Ct. 554; Linn v. Com., 96 Pa. 285; Com. v. Shaffer, 52 Superior Ct. 230; Com. v. Lederman, 14 Lanc. Law Rev. 185; Com. v. Meekes, 15 W. N. C. 450.

We have come to the conclusion after careful examination of the record and the law on the subject of costs that the same are exclusively a matter of statutory law, and, in fact, could not be recovered at common law: Com. v. Cooper, 9 D. & C. 358.

So, therefore, we have to look to the statutes for authority to impose any costs at all and we find that in 1923 the Assembly of the Commonwealth of Pennsylvania passed a law June 29th, which will be more particularly found in our Pamphlet Laws, 1923, P. L. 973, and particularly section 1 thereof,

which is to the effect that all necessary expenses incurred by the district attorney of any county of this Commonwealth or his assistants, or any officer directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, shall be paid by the respective counties, out of moneys in the county treasury, upon the approval of the bill of expense by the district attorney and the courts of their respective counties. *And in cases where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney, in connection with such prosecution, shall be considered a part of the costs of the case and be paid by the defendant.*

It will be noticed that there is no provision made in the said Act of 1923 for the imposition of costs or expenses of the district attorney in connection with the investigation of crime and apprehension and prosecution of persons charged with or suspected of the commission of a crime in cases of acquittals and the petit jury exercising its discretion under the Act of March 31, 1860, § 62, P. L. 427, imposing the costs upon the defendant after such acquittal. Unless there is statutory authority for the imposition of such costs, including the expenses aforesaid, after an acquittal of the defendant, we cannot affirm the judgment of the Clerk of the Court of Quarter Sessions in taxing such expenses as part of the costs thereof. Such a principle of compensation is contrary to the genius of the common law, which does not give even costs, and the Statute of Gloucester does not embrace it: Smith *v.* Equitable Trust Co., 215 Pa. 413; Whitney et al. *v.* Jersey Shore Borough, 266 Pa. 537; Kaufmann *v.* Kirker, 22 Pa. Superior Ct. 201; Com. *v.* Wilson, 4 D. & C. 302.

It will be seen from an examination of those cases that the Supreme Court has been reluctant to extend the term "costs" beyond its accepted meaning. The expression "necessary expenses" is a very elastic one, but in the present case, it seems to us, there is a clear distinction between what the district attorney may do before trial and what is done on the trial. The language of the act is, "in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime."

Inasmuch as the present act excludes cases of acquittals and only refers to the inclusion of the expenses of the district attorney in cases of a conviction, we must hold that the words "necessary expenses" cannot extend the term "costs" beyond its accepted meaning, and that, therefore, these expenses are not legitimately part of the costs if there be an acquittal. However, we do not want to be misunderstood in this respect, and would say that if the defendant had been found guilty, these "necessary expenses" would have been properly taxed as part of the costs of the case which the defendant would have been obliged to pay as costs following the imposition of sentence upon a verdict of guilty rendered against him.

Therefore, we make the following

### Order.

And now, Nov. 18, 1929, the above case coming on to be heard by the court *in banc* upon appeal from the taxation of costs, after due consideration thereof, we do order and decree that the appeal from the taxation of costs with respect to "expenses of the detectives and chemist" be and is hereby allowed; the said items stricken from the costs in the said case and the taxation of costs in all other respects be and is hereby affirmed.

From William R. Toal, Media, Pa.