Commonwealth, Appellant, *v.* Stiles.

Argued December 9, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

H. O. Bechtel, and with him C. A. Snyder, District Attorney, and J. F. Mahoney, for appellant.

Cyrus M. Palmer, and with him Joseph G. Seesholtz and Guy E. Waltman, for appellee.

OPINION BY BALDRIGE, J., January 29, 1930:

Charges of intemperance were filed with the school board against M. R. Coogan, a supervising principal of the schools of Blythe Township, Schuylkill County.

Section 1208 of the School Code, approved the 18th of May, 1911, P. L. 309, provides as follows:

"Any principal or teacher employed in any school district may be dismissed, at any time, by the board of school directors, on account of immorality, incompetency, intemperance, cruelty, negligence, or for the violation of any of the provisions of this act: Provided, That before any principal or teacher is dismissed, he shall be given an opportunity to be heard, after reasonable notice in writing of the charges made against him."

Notice was given to Coogan of the charges and a hearing was held, with more or less formality. Michael Stiles, who appeared as one of the witnesses, was sworn by a justice of the peace and testified in support of the charges against Coogan. Thereafter, Coogan had Stiles arrested for perjury. In due course of time, the case came on for trial and the court, on motion of the defendant's counsel, quashed the bill of indictment for the reason that the bill charged no indictable offense. Thereupon, the Commonwealth took this appeal.

The indictment charges that the defendant "did

unlawfully, wilfully, corruptly and falsely swear before the school board of the Township of Blythe, Schuylkill County, Penna., then and there sitting to inquire the truth of charges filed against Michael Coogan, supervising principal of said township, the said oath being duly administered to the said Michael Stiles, according to law, by the said Charles Reese. He, the said Charles Reese, a justice of the peace, said county, then and there having competent authority to administer the same, and it being then and there material for the said school board to know whether the said M. R. Coogan, supervising principal of schools of Blythe Township, Penna., was a man of intemperate habits, in the employ of the said school board.''

The indictment was founded under section 14 of the Act approved March 31, 1860, P. L. 382, which provides, inter alia:

''If any person shall wilfully and corruptly commit wilful and corrupt perjury ...... on his or her oath or affirmation, legally administered ...... in any judicial proceedings, matter or cause which may be pending in any of the courts thereof, or before any judgment, justice, mayor, recorder, alderman, or other magistrate ...... or if any person in taking any other oath or affirmation required or that may hereafter be required by any Act of Assembly of this Commonwealth, shall be guilty of wilfully and corruptly making a false oath or affirmation; ...... every person so offending shall be guilty of a misdemeanor.''

The contention of the appellant is that this defendant took a false oath before a justice of the peace in such a judicial proceeding as is contemplated by the Act and that the oath was required by an Act of Assembly.

The hearing was of a quasi-judicial character. It was attended by the parties interested and their counsel; testimony was given by the defendant after he had been sworn by the justice of the peace. The school

board was required to exercise its judgment as to whether the charges were well founded: McCrea v. Pine Township School District, 145 Pa. 550. But such a hearing was not the judicial proceeding contemplated by the act. The school directors did not have the authority to issue subpoenas or attachments for non-appearance, or administer oaths, nor are they judicial officers. Although a justice of the peace administered the oath to this defendant, the hearing was not before him in his official capacity and no oath was required under the statute. The oath was extrajudicial and, if false, was not subject to indictment for perjury: Linn v. Commonwealth, 96 Pa. 285. The accused had a right to demand of the board of school directors an opportunity to be heard, but the act is silent as to requiring the testimony taken at a quasi-judicial hearing to be given under oath. We cannot read something into an Act of Assembly, especially a penal statute, that is not clearly expressed therein by the law makers. If an oath is voluntarily taken by an officer authorized to administer oaths in a quasi-judicial proceeding, when it is not required by law, and it proves to be false, the affiant is not subject to indictment for perjury: Linn v. Commonwealth, supra.

The court properly sustained the motion to quash. Judgment is affirmed.