# Baldwin *versus* The Commonwealth.

Where a defendant in a criminal prosecution is acquitted on the plea of the statute of limitations, the jury may still impose the costs of prosecution upon him.

But the costs accrued upon former indictments for the same offence, which were quashed or judgment arrested upon conviction, cannot be taxed, in such case, as part of the costs of prosecution.

ERROR to the Quarter Sessions of Luzerne county.

The plaintiff in error, Jared R. Baldwin, was arrested on the 15th May, 1852, upon an information by one Carle, for adultery. At August Sessions the indictment was found by the grand jury, and continued until August Sessions, when the indictment was quashed.   At November Sessions, 1853, another indictment was found, which was tried, and the defendant found guilty at the August Sessions, 1854.   A motion was made by the defendant in arrest of judgment, which was sustained.   At January Sessions, 1855, a third bill was found.   At April Sessions following it was called for trial; the defendant pleaded not guilty, and the statute of limitations.   The jury found him not guilty, but that defendant pay the costs.   A bill of costs was filed by the prosecutor, embracing all the costs of the former indictment.   The defendant again moved in arrest of judgment, which the court overruled, and sentenced the defendant to pay the costs, &c.

The defendant removed the cause to this court, and assigned, for error, that the court erred in refusing to arrest the judgment.

[Baldwin *v.* The Commonwealth.]

*Hakes* and *Collins*, for plaintiff in error.

*Winchester*, for the Commonwealth.

The opinion of the court was delivered by

LEWIS, C. J.—In prosecutions for offences under the degree of felony, the Act of 8th December, 1804, gives the petit jury power, "in all cases of acquittal," "to determine whether the county, the prosecutor, or the defendant shall pay the costs of prosecution." This was a prosecution for adultery, and the jury acquitted the defendant, but directed him to pay the costs of prosecution. It therefore comes clearly within the letter of the statute. But it is thought by the plaintiff in error that the case is taken out of its intent by his plea of the statute of limitations. It is true, he added this plea to that of not guilty. But the general verdict of. not guilty shows that the statute was not the plea that saved him from conviction. It is to be inferred from the record that the Commonwealth was not able to prove the guilt of the defendant at any time. So that the case, on the record, differs in nothing from the ordinary cases in which a jury may impose the costs on acquittal. But suppose that the defendant had been acquitted on the plea of "not guilty within two years." It would still be an acquittal, and would come within the letter of the statute, giving the jury power over the costs. And why is not such a case within its meaning? It often happens that men conduct themselves so improperly as to give reasonable ground to believe that a particular crime has been committed. By their own improper conduct they thus induce the public authorities to prosecute them. On the trial, the state succeeds in making full proof of gross misconduct, tending to induce a belief of guilt, but some fact turns up showing that although the defendant has been guilty of a gross outrage on morality and justice, he is not technically guilty of the particular offence charged. In such a case, as his gross misconduct had produced the prosecution, it is just that he should pay the costs of it. After the decision of the jury, we are bound to presume that they had some good reason for their verdict. The intimacy of the defendant with Mrs. Carl might have been of such a character as to have given her husband cause for uneasiness, and grounds to believe that the offence was committed. That this was the case may be inferred from the fact that he was the prosecutor. The prosecution may have failed for want of strict legal proof of the defendant's marriage with the lady reputed to be his wife, and so recognised by him. In either of these cases it would be just to compel him to pay the costs. These reasons apply as well to an acquittal on the plea of the statute of limitations as to acquittals on other grounds.

But it is alleged that the court had no jurisdiction, after the

[Baldwin *v.* The Commonwealth.]

plea of the statute had been put in. This is a mistake. The plea touched no question of jurisdiction. It was merely matter of defence which the court was compelled to try. But it may be said that the indictment, on its face, showed that the offence had been committed, if at all, more than two years before bill found. Then why not demur? Why put the party to the expense of an issue in fact, when the facts were admitted on the face of the bill itself? If the defendant unnecessarily caused the costs, by demanding a trial on a question of fact not in dispute, it is clearly just that he should pay the costs of such an irregular proceeding.

It appears that a bill was found at November Sessions, 1852, and that on the 12th of August, 1854, the defendant was found guilty. On the 20th November, 1854, the judgment was arrested. On the 2d January, 1855, a new bill of indictment was found, containing several counts. On the 4th April, 1855, the defendant pleaded, and on the 5th April, 1855, the jury returned the verdict of not guilty, directing him to pay the costs. But a bill of costs, amounting to $568.68½, has been filed, including the costs, which accrued on both bills. The jury on the second bill had no power over the costs which accrued on the first. They were not only different bills, but it must be intended, in order to sustain the second indictment, that it was not for the same offence. All the costs which accrued on the first bill of indictment must therefore be stricken out of the prosecutor's bill.

It is ordered that the costs of January and April Sessions, 1855, amounting to $99.46, be taxed against the defendant below, and that the residue of the prosecutor's bill be stricken out. With this correction the judgment below is affirmed.

　　　　　　　　　Judgment affirmed, as modified by this court.