## Wright *versus* The Commonwealth.

1. The Act of May 5th 1864, prohibiting the carrying of concealed weapons, is not obnoxious to the Bill of Rights, sect. 21, saving the rights of citizens to bear arms in defence of themselves and the state.

2. Under sect. 62 of the Criminal Procedure Act of 1860, the jury may impose costs on an acquitted defendant, although the indictment be so defective that no conviction could have been had upon it.

3. Commonwealth *v.* Tilghman, 4 S. & R. 127, followed.

March 1st 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON and PAXSON, JJ.

Error to the Criminal Court of *Schuylkill county :* Of July Term 1871, No. 163.

This was an indictment found at the April Term 1871, against Jonathan Wright, that he " did unlawfully and maliciously carry on and about (his) person, a certain concealed deadly weapon, commonly called a pistol, with intent, with the pistol aforesaid, unlawfully and maliciously, to do bodily harm to some other person, to the inquest unknown, &c."

The defendant pleaded " Not guilty." The jury found the defendant " Not guilty, the defendant to pay the costs."

The defendant moved an arrest of judgment. The motion was overruled, and the defendant sentenced to pay the costs.

The defendant removed the record to the Supreme Court, and assigned for error; sentencing defendant to pay the costs because, (amongst other reasons), sect. 1 of the Act of May 3d 1864, Pamph. L. 823, 1 Br. Purd. 323, pl. 40, prohibiting the carrying of concealed deadly weapons, &c., in Schuylkill county, and sect. 62 of Act of March 31st 1860 (Criminal Procedure), Pamph. L. 445, 1 Br. Purd. 390, pl. 65, allowing a jury to impose costs on a defendant who is acquitted, are unconstitutional; and because the indictment was defective in not setting out a criminal offence.

*J. Wright, p. p.*, plaintiff in error.

*G. R. Kaercher*, District-Attorney, for Commonwealth, was stopped by the court.

Judgment entered in the Supreme Court, March 8th 1875,

PER CURIAM.—This indictment is for the offence of unlawfully

[Wright *v.* Commonwealth.]

and maliciously carrying upon the person of the defendant, a concealed deadly weapon, to wit, a pistol, with an intent, unlawfully and maliciously, to do bodily harm to another, contrary to the Act of 5th May 1864, section 1, 1 Brightly 323, pl. 40. Such an unlawful act and malicious intent as this has no protection under the 21st section of the Bill of Rights, saving the right of the citizens to bear arms in defence of themselves and the state.

The objection to the imposition of costs, on the ground that a verdict of not guilty was rendered, is equally futile. We must presume the jury had a good reason for doing so, arising in the conduct of the defendant. And even if the indictment had been so defective that no conviction could have rested upon it, still the right to impose costs existed. This was expressly decided, and good reasons stated for the decision, in the Commonwealth *v.* Tilghman, 4 S. & R. 127.

Sentence of the Quarter Sessions for the costs affirmed.