## Long v. Lancaster County.

*Costs—Criminal—Verdict of traverse jury—Act of May 19, 1887, P. L. 138.*

"A verdict of a traverse jury" within the meaning of the Act of May 19, 1887, P. L. 138, in order to bind the county for costs of witnesses, can only be arrived at after something is legally submitted to the jury in regard to which they have legal power to pronounce either in favor of the plaintiff or defendant.

The county is not liable for witness fees where by agreement of the parties and direction of the court the verdict of the jury as recorded is "defendant not guilty in manner and form as he stands indicted and county for office costs."

Argued Nov. 16, 1900. Appeal, No. 183, Oct. T., 1900, by defendant, from judgment of C. P. Lancaster Co., June T., 1900, No. 37, on case stated in suit of Frank Long v. Lancaster County. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Case stated to determine the liability for witness fees.

The case stated was as follows:

In March, 1897, A. L. Harnish, was charged with embezzlement, on the complaint of J. P. Hollinger, a member of the firm of Mentzer & Hollinger, and he gave bail in the sum of $300 for his appearance at court.

At April sessions, 1897, of the court of quarter sessions of Lancaster county, he was indicted, and three true bills, viz: Nos. 131, 132 and 133 of April term, 1897, were found against him by the grand jury, and said indictments and the docket entries in these cases are hereby made a part of this case stated.

The said cases were on the list for trial at three different terms of court, and were set down for trial on April 22, 1897, June 9, 1897, and October 26, 1897, and the witnesses subpœnaed were in attendance two days on each of those weeks.

On January 29, 1900, at the regular term of the court of quarter sessions of Lancaster county, the defendant, at that time being a fugitive from justice, his bail having been regularly forfeited, and a plea of not guilty having been entered on each indictment, a jury was called, and through an agreement between counsel for the prosecutor and counsel for the defendant, and by and with the consent of the prosecutor, the district attorney suggested to the court, that a verdict of not guilty be taken, with county for office costs, whereupon the court ordered and directed the jury to find a verdict of not guilty, with county for office costs on each of the said indictments; whereupon the jury did say upon their solemn oaths or affirmations that defendant is not guilty in manner and form as he stands indicted and county for office costs. No witnesses were called, and no further trial was had, the jury acting as directed by the court and the facts of the case were not laid before them; and thus the prosecution was finally terminated. The plaintiff, Frank A. Long, was a duly subpœnaed witness in the case for the commonwealth; the district attorney certified that he was subpœnaed by his order, was in attendance, and was a material witness in the case. He was present in court six days, two days at each time it was on the trial list.

He subsequently went to the office of the clerk of quarter sessions and requested an order for his costs, but the clerk refused to give him the same or take his affidavit as to the amount claimed.

He also demanded his costs from the county commissioners, who refused, and still do refuse to pay the same or any part thereof.

Now, therefore, if the court be of the opinion that the defendant is liable for and must pay the said plaintiff his legal fees, as a witness in said cases or any of them, for such six days' attendance at the court of quarter sessions as a witness as aforesaid, then judgment be entered for plaintiff for $6.00, if not, the judgment be entered for defendant.

The costs to follow the judgment, and each party reserves

the right to appeal from the judgment of this court to the Superior Court.

The court entered judgment in favor of plaintiff.

*Error assigned* was in entering judgment for plaintiff.

*A. B. Hassler,* for appellant.—The county was not liable: Com. v. McCuen, 75 Pa. 219; Wright v. Donaldson, 158 Pa. 88; Piatt v. Luzerne County, 7 Lanc. Law Rev. 276; Donohue v. Luzerne County, 5 Kulp, 220; Com. v. Bishoff, 13 Pa. C. C. R. 503.

*D. F. Magee,* for appellee, cited: Lancaster County v. Brinthall, 29 Pa. 38; Gallagher v. Franklin County, 5 Pa. C. C. R. 431; Wright v. Donaldson, 158 Pa. 88; Allen v. Delaware County, 161 Pa. 550.

OPINION BY ORLADY, J., February 14, 1901:

By the case stated it appears that three indictments were returned by the grand jury to the court of quarter sessions of Lancaster county in which A. L. Harnish was severally charged with the crime of embezzlement. The three cases were on the trial list at three different terms of the said court, and witnesses were regularly in attendance at two days of each term. The defendant was a fugitive from justice and his recognizance was regularly forfeited. At the January term of the court, the cause was called for trial, a plea of not guilty was entered by his counsel, when, " through an agreement between counsel for the prosecutor and counsel for the defendant and by and with the consent of the prosecutor, the district attorney suggested to the court that a verdict of not guilty be taken, with county for office costs. Whereupon the court ordered and directed the jury to find a verdict of not guilty with county for office costs on each of the said indictments. . . . No witnesses were called and no further trial was had, the jury acting as directed by the court, and the facts were not laid before them, and thus the prosecution was finally terminated." The plaintiff in this case was a properly subpoenaed, certified and necessary witness for the commonwealth; he was in attendance in response to the subpoena, and after demand made upon and refused by the county commissioners, he

brought this suit to recover his witness fees. The court below directed a judgment to be entered in favor of the plaintiff and the defendant appealed to this court.

The plaintiff's right to recover depends upon the construction to be given to the 1st section of the Act of May 19, 1887, P. L. 138, as follows: " That the costs of prosecution accruing in every case of misdemeanor in any of the courts of quarter sessions of the peace of this commonwealth shall, on the termination of the prosecution by the bill of indictment being ignored by the grand jury, or by a verdict of a traverse jury, and sentence of the court thereon, be immediately chargeable to and paid by the proper county: Provided, that the county shall be liable only for the costs of such witnesses, as the district attorney shall certify were subpoenaed by his order and were in attendance and necessary to the trial of the case." It is true that the district attorney certifies to the plaintiff's materiality as a witness, and to his service and attendance as such. He claims under the second condition of liability mentioned in the act, and to entitle him to recover he must show that, in contemplation of law, there has been a " verdict of a traverse jury and sentence of the court thereon."

This plaintiff is not within the terms of the verdict, nor within the meaning of any statute we have regulating the payment of costs in unsuccessful prosecutions of misdemeanor. His claim against the county having no foundation in statute is baseless: Franklin County v. Conrad, 36 Pa. 317. Such a verdict is a " termination of the prosecution " of which neither party to the record can afterwards make denial, but " a verdict of a traverse jury " within the meaning of this act of assembly, in order to bind the county for costs of witnesses, can only be arrived at after something is legally submitted to the jury in regard to which they have legal power to pronounce, either in favor of the plaintiff or defendant: Co. Litt. 228, 4 Bl. Comm. 361. Such a verdict is to be, the saying of the truth, and the answer to the questions of fact contained in the issue formed by the pleadings.

The verdict of the jury as recorded was " defendant not guilty in manner and form as he stands indicted and county for office costs." The liability of the county, nor of the defendant, for the costs of witnesses was not submitted to them.

The case being a misdemeanor, under the 60th section of the criminal procedure act, "the jury trying the case (not the court) shall determine by their verdict, whether the county, or the prosecutor, or the defendant shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant and in what proportion."

The record does not disclose the reasons for this directed verdict, and we do not doubt that it was in the best interests of the public, but the verdict does not disclose any intention on the part of the jury to make the county liable for the costs of witnesses, and the certificate of the district attorney cannot enlarge the effect of their return.

Moreover, the court below went no further than to make the county liable for " office costs " which we interpret to mean costs legally taxed for officers of the court, and the verdict will not be held to mean more than is expressed by it. It is not usual for juries to put costs on the county, except in a clear case of innocence on the part of the defendant, and proper motions on the part of the prosecutor. By the common law the public pays no costs; as the liability is created by statute, it cannot be extended beyond the limit assigned to it by the legislature: Berks County v. Pile, 18 Pa. 493. It is well known that in cases of this kind the commonwealth's bill for witnesses frequently exceeds in amount the value of the property taken, embezzled or destroyed, and the court and the jury may well have thought that this case was well terminated for the commonwealth, the prosecutor and the defendant, in relieving the defendant from jeopardy and the prosecutor from liability for costs of witnesses subpœnaed under his direction.

The act of December 2, 1804, was founded upon a preamble which declared, " Whereas experience has proved that the laws obliging the respective counties to pay costs of prosecution in all criminal cases where the accused is or are acquitted, have a tendency to promote litigation," etc. Human nature has not undergone any change in this respect in the last hundred years. And the act of 1887 does not modify the reasons given in the cases decided prior to its enactment, and the evident purpose of the legislature was not to change the law in regard to the authority and duty of the traverse jury in disposing of the costs in misdemeanors, under which the traverse jury is relied upon

to stand as a shield against improper charges being imposed on the county. The jury trying the same shall determine by their verdict who shall pay the costs. How can it be said that the jury has tried and determined anything when nothing has been submitted to them? On what principle of propriety or of justice shall it be in the power of the parties to hush up a prosecution and agree to throw the costs on the county? Such a verdict is not a trial, and really determines nothing against an absent party. To grant a mandamus in such a case, upon the admitted facts (or to hold the county bound by such a verdict) would make the court party to a mere shift, by which the parties would unload themselves of all responsibility: Commonwealth v. McCuen, 75 Pa. 215.

The judgment is reversed.