## Commonwealth v. Maguire et al.

*Costs—Criminal law—Costs on prosecutor—Discretion of court over verdict—Act of March 31, 1860.*

1. The Act of March 31, 1860, P. L. 427, 445, giving the jury, in cases of acquittal, the power to determine who shall pay the costs, does not take away from the court the power to set aside so much of the verdict as relates to the payment of the costs in a proper case.

2. The court will not set aside the imposition of the costs upon the prosecutor, where the evidence shows that a case of probable cause was not made out against the defendants, and that the prosecutor, although a special policeman of a railroad company, was not a public officer, and was represented by private counsel.

3. Where a prosecutor seeks to set aside an imposition of costs upon him, he should obtain a rule upon the county and upon the defendants to show cause, etc.

Petition of S. C. Samuels, prosecutor, for relief from payment of costs. Q. S. Schuylkill Co., Jan. Sess., 1922, No. 155.

*M. A. Duffy*, Deputy District Attorney, and *George Ellis*, for Commonwealth.

*Albert Bashore*, for defendants.

KOCH, J., Feb. 27, 1922.—The petitioner was the prosecutor in the above case, in which he laid the information charging Martin Maguire and four

Commonwealth *v.* Maguire et al.

others with being tramps and trespassing on property of the Philadelphia and Reading Railway Company. The district attorney had each of the persons so charged separately indicted as a tramp under the Act approved April 30, 1879, P. L. 33. The act is entitled "An act to define and punish tramps." According to its definition, a tramp is "any person going about from place to place begging, asking or subsisting upon charity and for the purpose of acquiring money or a living and who shall have no fixed place of residence or lawful occupation in the county or city in which he shall be arrested." A tramp is guilty of a misdemeanor and may be imprisoned for twelve months. "Any person, upon view of any offence described in this act, may apprehend the offender and take him before a justice of the peace or alderman," etc.: Section 4.

The prosecutor is one of the special police of the Philadelphia and Reading Railway Company. His testimony amounted only to this: That people had complained to him of beggars having been in the Borough of Ashland, and that, at about 11.45 P. M. on Dec. 27th last, he found the five defendants loitering in the outer or upper railway station of the said company and arrested them. Also, that one claimed to reside in said Borough of Ashland, one in the Borough of Shenandoah, and another in the village of New Castle in this county, whilst the other two resided elsewhere outside of this county. Samuels had not seen any of the defendants beg. Two of the defendants told him they were looking for jobs, and the other three said they did nothing. He was supported in his testimony by another coal and iron policeman.

We explained the said act of general assembly to the jury and said the testimony did not meet the requirements of the act and did not warrant the conviction of the defendants, that they, therefore, were entitled to acquittal, but that the jury had, nevertheless, the costs at their disposal. The Criminal Procedure Act of March 31, 1860, P. L. 427, 445, *inter alia*, says: ". . . In all cases of acquittal by the petit jury on indictments for the offences aforesaid, the jury trying the same shall determine by their verdict whether the county or the prosecutor or the defendant shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions," etc. Prior to March 20, 1797, 3 Sm. Laws, 281, a defendant who was acquitted was equally liable to the costs of prosecution as if he were convicted, but the legislature in that year passed an act imposing the costs upon the city or county in which the prosecution was commenced: 3 Sm. Laws, 281. But the legislature in 1804 made either the prosecutor or the defendant liable for costs in misdemeanors in cases of acquittal: 4 Sm. Laws, 204. But costs could not be apportioned by a petit jury between a prosecutor and an acquitted defendant until that power was conferred by the Act of April 12, 1859, P. L. 528. The language of the Act of March 31, 1860, P. L. 427, 445, is entirely clear. It has even been held that, where the statute of limitations bars a conviction, a petit jury may put the costs on the defendant: Baldwin *v.* Com., 26 Pa. 171. And a petit jury's right to dispose of costs extends to cases of defective indictments: Com. *v.* Harkness et al., 4 Binney, 193. However, the acts referred to "cannot take away the common law supervision of the courts which belongs to a trial by jury:" Guffy *v.* Com., 2 Grant, 65, 68. And the court has supervision over so much of the verdict as relates to costs, notwithstanding an acquittal: Guffy *v.* Com., 2 Grant, 66, 69. Mr. Justice Lewis said in the Guffy case just referred to: "No man can suppose for a moment that the legislature intended to place it in the power of the jury to impose severe penalties upon public officers for the faithful performance of their duties" (page 69). He further said that it is the duty of a court to set

1 D. & C.

Commonwealth *v.* Maguire et al.

aside a verdict "in all cases where 'there is nothing in the testimony to show that the prosecutor behaved improperly.'" We have discretionary power over the subject. In Com. *v.* Doyle, 16 Pa. Superior Ct. 171, 174, it is said: "Where a prosecution is not trifling, but one of grave character; where it is not unfounded but founded upon probable cause, . . . and where there is no evidence of malice in the prosecution, it is the duty of the court to set aside the verdict against the prosecutor for costs: Guffy *v.* Com., 2 Grant, 66; Wadlinger on Costs, §§ 192, 193, and cases there cited." See, also, Com. *v.* De Ganie, September Sessions, 1918, No. 671.

After a perusal of many cases bearing on this subject, we are of the opinion that this case does not call for the exercise of our discretion to set aside the costs. The evidence adduced on the trial does not make out a case of probable cause against the defendants. Besides, the case was prosecuted by private counsel for the Commonwealth, and whilst the prosecutor has the rights of a constable, yet he is hardly to be considered a public officer.

Proper diligence might have secured evidence to convict the defendants. Under the Act of April 14, 1905, P. L. 152, a court may direct the county to pay the costs where it sets aside a verdict imposing them upon the prosecutor or defendant. The county, therefore, is a party in interest and should have notice that an attempt is made to have it pay the costs. In this proceeding no one has had any notice, because the prosecutor simply addressed to us his petition setting forth certain facts and then praying to be relieved from the payment of costs. It seems to us that the petition should have asked for a rule to show cause, etc., after service of notice upon the county at least, if not upon the defendants also. Upon the whole record we think we have no right to interfere with the verdict of the jury. The jury was very fully instructed as to the question of costs and as to the prosecutor's rights and duties in the premises.

And now, Feb. 27, 1922, the petition is dismissed, the petitioner is granted an exception and bill is sealed.

From M. M. Burke, Shenandoah, Pa.