## Commonwealth, Appellant, *v.* Tremeloni.

*Criminal law—Intoxicating liquor—Manufacture, possession and sale for beverage purposes—Verdict—Costs—Setting aside—Discretion of court—Abuse.*

On the trial of an indictment for violating the liquor laws there was evidence that defendant had in his possession fruit juices which had become intoxicating by natural process of fermentation. There was also evidence of a sale thereof. The court directed a verdict of not guilty but left the question of costs to the jury. The jury imposed the costs on defendant. Subsequently the court set aside that part of the verdict on the ground that the evidence failed to show illegal possession.

In such case there was sufficient competent evidence from which the jury might have found defendant guilty. The sale of the liquor, of itself, made the possession unlawful. The jury was justified in imposing the costs on the defendant and an order of the court setting aside such imposition of costs will be reversed.

Although the court may have been in error in giving binding instructions for the defendant the verdict of the jury ends further prosecution and bars further proceeding on the charge; but the action of the court below in setting aside the verdict imposing costs on the defendant, being based on an erroneous view of the law, may be corrected as a clear abuse of discretion.

Argued October 3, 1927. Appeal No. 733, April T., 1928, by the Commonwealth from order of Q. S., Somerset County, No. 27, February Sessions, 1927, in the case of Commonwealth v. Battista Tremeloni. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Indictment for violation of liquor laws. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict of not guilty but left the question of costs to the jury which imposed them on the defendant. Subsequently the court set aside so much of the verdict as imposed the costs on defendant. Commonwealth appealed.

*Error assigned* was the order of the court.

*P. G. Cober,* District Attorney, for appellant.—The court may not set aside costs imposed by the jury on defendant indicted for manufacturing, possession and sale of intoxicating liquor, who fails to explain the sale of liquor in his home: Commonwealth v. Fedulla, 89 Pa. Superior Ct. 244; Commonwealth v. Dombkowski, 86 Pa. Superior Ct. 468; Linn v. Commonwealth, 96 Pa. 285; Commonwealth v. Bixon, 67 Pa. Superior Ct. 554; Commonwealth v. Shaffer, 52 Pa. Superior Ct. 230; Commonwealth v. Lederman, 14 Lanc. 185; Commonwealth v. Meekes, 15 W. N. C. 450.

*Clarence L. Shaver,* for appellee.—It was within the court's discretion to set aside the verdict of the jury imposing costs on defendant acquitted of the charge of which he was indicted: Commonwealth v. Doyle, 16 Pa. Superior Ct. 171; Commonwealth, Appellant, v. Charters, 20 Pa. Superior Ct. 599; Guffy v. Commonwealth, 2 Grant 65; Commonwealth v. Kocher, 23 Pa. Superior Ct. 65.

Opinion by Keller, J., November 21, 1927:

The defendant, Tremeloni, was indicted for (1) selling, (2) possessing and (3) manufacturing intoxicating liquors for beverage purposes. The court directed a verdict of not guilty, but left the question of costs to the jury which imposed them on the defendant. The court subsequently set aside so much of the verdict as imposed the costs on the defendant, on the ground that the evidence failed to show any illegal possession of liquor by him. The Commonwealth appeals.

A review of the evidence convinces us that the court erred in directing a verdict of acquittal; that there was competent evidence from which the jury might have found the defendant guilty. Even if it should be held that section 3 of the Act of March 27, 1923, P. L. 34,

permitted the defendant to possess, exclusively for use in his private dwelling, fruit juices which by process of natural fermentation had become intoxicating,— which we are not called upon to decide in this case and therefore do not pass upon—, yet such possession became unlawful as soon as any of the liquor thus made was sold, and evidence of a sale thereof warranted a conviction of unlawful manufacture, possession and sale.

However mistaken the court may have been in giving binding instructions for the defendant, the verdict of the jury ends the prosecution and bars further proceedings on the charge; but the action of the court below in setting aside the verdict imposing costs on the defendant being based on an erroneous view of the law, may be corrected as a clear abuse of discretion.

Th first assignment of error is sustained. The order is reversed and the record is remitted to the court below with directions to sentence the defendant to pay the costs in accordance with the verdict.