## Commonwealth v. Jones.

*John A. McGlade*, for defendant.

BROWNSON, P. J., Jan. 9, 1928.—The defendant was indicted for operating a motor-vehicle while under the influence of intoxicating liquor. The case was tried by a jury, which rendered a verdict of acquittal, but imposed the costs upon the defendant. He now asks the court to set aside that part of the verdict relating to the costs, for the reason that he has found since the trial a witness who testifies that he was at the scene of the accident immediately after it occurred, and while the defendant was unconscious as a result thereof, and that he smelled no liquor upon defendant, but did smell liquor upon the prosecutor, who was the driver of the other car that was in the collision. It is contended that if this testimony had been before the jury, it would probably have led to a different disposition of the costs.

If the defendant had been convicted, and this were a motion for a new trial, this after-discovered evidence would seem to be subject to the objection that testimony in contradiction of the allegation that defendant had about him the odor of liquor is merely cumulative of other testimony given at the trial for the defendant. See cases collected in 13 P. & L. Dig. Dec., 23058. And, again, it is at least questionable whether, by the exercise of reasonable diligence, it could not have been discovered before the trial. It is true that the defendant was unconscious at the time this witness came to look at the wreck; but as the defendant knew he had been unconscious for a time, common prudence would seem to suggest his making inquiries as to whether any other person had been near him during his unconsciousness, and it is not clear that he could not, by means of such inquiry, have discovered this witness. The court, however, cannot grant a new trial after a verdict of acquittal, in order that the disposition of the costs may be submitted to another jury: Com. v. Bowers, 43 Pa. C. C. Reps. 237. What the court is now asked to do is, therefore, to determine itself what disposition ought to be made of them upon all of the evidence, including the new testimony now presented. Where the question has been properly submitted to the jury at the trial, the court, in view of the fact that the statute explicitly commits this matter to the jury's discretion, is ordinarily bound to presume that they had some good reason for their action: Baldwin v. Com., 26 Pa. 171, 172; Com. v. Lederman, 14 Lanc. Law Rev. 185; and it should interfere therewith only in a very clear case: Com. v. Chartiers Ry. Co., 28 Pa. Superior Ct. 173; Com. v. Bowers, 43 Pa. C. C. Reps. 237. The cases in which an acquitted defendant will be, and those in which he will not be, relieved of costs are collected in "The Law of Costs and Fees in Pennsylvania" (George T. Bisel Co., 1919), at pages 660 to 663. One of the decisions there cited is very much in point. A witness who was not at the trial testified thereafter that the offense charged in the indictment was committed by himself and not by the defendants, but the court held that while this new testimony "might have induced the jury to render a different verdict, or the court to grant a new trial if the defendants had been convicted, . . . it cannot be made to alter the finding as to costs:" Com. v. Wagner, 1 York Leg. Record, 24.

The verdict in the present case turned upon the credibility of testimony. Evidently the defendant was acquitted because the jury did not regard the testimony as strong enough to exclude all reasonable doubt. It was within their discretionary power, under those circumstances, to impose the costs upon him: Com. v. Tilghman, 4 S. & R. 127; Com. v. Bishop, 14 Pa. C. C. Reps. 404. Whether the testimony of this new witness would have led them to exercise their discretion in a different way, we cannot say with any certainty, especially in view of the fact that he stated, when testifying in support of the present rule, that he was not very close to the defendant at the time he referred to. But the effect of the case of Com. v. Wagner, *supra*, is that when the propriety of imposing costs upon a defendant does not depend upon the legal effect of certain undisputed facts (as in Com. v. Gabby, 5 Dist. R. 159), but is a matter for the exercise of discretionary judgment by the jury on the basis of the view they take of the evidence, it is not the province of the court to retry the question on new evidence, and, assuming the place of the jury, exercise its own discretion thereon. Under the authorities which have been cited, and in view of all that has been said above, we do not feel justified in setting this finding aside.

And now, Jan. 9, 1928, the rule is discharged.

From Harry D. Hamilton, Washington, Pa.