## Commonwealth v. Tucci.

C. A. Snyder, District Attorney (C. A. Staudenmeier with him), for Commonwealth.

C. M. Palmer, for defendant.

HOUCK, J., Feb. 4, 1929.—Two bills of indictment were found against the defendant, one charging him with bigamy and the other with adultery. On the bill charging bigamy, the court directed a verdict of not guilty on the ground of want of jurisdiction, but submitted the question of costs to the jury. The jury imposed three-quarters of the costs on the defendant and one-

quarter on the prosecutor. A motion for a directed verdict on the bill charging adultery was overruled, and the jury acquitted the defendant and placed three-quarters of the costs on him and one-quarter on the prosecutor. Immediately upon the return of the verdicts, the defendant moved to set aside that portion of the verdicts which imposed costs upon him.

The court had jurisdiction of the adultery charge, and there is no reason why we should interfere with the verdict on that bill of indictment.

The real question in the case is whether the verdict imposing a portion of the costs upon the defendant on the bill charging bigamy can stand, the court not having jurisdiction of the offense charged. Section 62 of the Act of Assembly approved March 31, 1860, P. L. 445, 1 Purdon, 1053, pl. 94, provides that "in all prosecutions, cases of felony excepted," where the defendant is acquitted by the petit jury, the jury shall determine by their verdict whether the county or the prosecutor or the defendant shall pay the costs, or whether they shall be apportioned between the prosecutor and the defendant. It has been held that where the statute of limitations bars a conviction, a petit jury may place the costs on the defendant and that this right extends to cases of defective indictments: Baldwin v. Com., 26 Pa. 171; Com. v. Harkness et al., 4 Binney, 193; Com. v. Maguire, 1 D. & C. 671. Does the jury's power to place costs upon the defendant extend to prosecutions of which the court has no jurisdiction? No appellate court decision on this point has been cited to us nor have we been able to find one. There are, however, two decisions by lower courts in which an opposite conclusion is reached. In Com. v. Balph, 18 Pa. C. C. Reps. 242, the court, in charging the jury, instructed it not to place any of the costs upon the defendant if the jury found that the court had no jurisdiction. On the other hand, in Com. v. Meekes, 15 W. N. C. 450, the court directed a verdict of not guilty on the ground that the offense charged had been committed in another county, but left the question of costs for the jury's determination, and subsequently refused to set aside the verdict of the jury imposing costs on the defendant. The reasoning of the court is that the statute provides that the jury shall dispose of the costs in all prosecutions for misdemeanors, and that the term includes all prosecutions, whether the court has jurisdiction or not. The textbooks, generally, state the rule to be that costs cannot be placed on the defendant if the court has no jurisdiction: 15 Corpus Juris, 319, § 791; Pennsylvania Law of Costs and Fees, 661. In both instances, Com. v. Balph, *supra*, is the only authority cited. On the other hand, Sadler's Criminal Procedure, 493, § 616, directs attention to the conflict existing under the authorities. What, then, is the correct rule?

Under the common law, a defendant, although acquitted, always paid the costs, and he was not relieved of this burden even when tried upon a defective indictment: Com. v. Tilghman, 4 S. & R. 127. "We may, perhaps, view the case of a defendant acquitted of actual crime, but whose conduct may have been reprehensible in some respects, or whose innocence may have been doubtful, as not a very hard one, when left precisely as it was at the common law. . . . . The judgment is not on the indictment, but on something collateral to it. The defendant is not punished for a matter of which he stood indicted (for he is acquitted of everything of that sort), though, on account of something of which he was not indicted, some impropriety of conduct, or ground of suspicion, which the verdict of the jury has fastened upon him, the statute law refuses to interfere in his behalf, and leaves him as he stood at the common law." But where no offense is charged, the jury have nothing to do with the costs: Linn v. Com., 96 Pa. 285. The true rule, therefore, seems to

be, that if an offense is charged and the prosecution fails for want of proof, the jury may dispose of the costs.

In the case under consideration, an offense was charged. The prosecution failed because the Commonwealth failed to prove that the offense charged was committed in this jurisdiction. In other words, it failed for want of proof of an essential fact. The case is the same as though the Commonwealth had failed to prove any other essential fact. That failure would have worked an acquittal, but the jury would have had power over the costs. We conclude that the case falls within the words of the Act of 1860, "In all prosecutions, cases of felony excepted," and that the question of costs was properly submitted to the jury. The jury may well have found that there was some ground of suspicion in the defendant's conduct, and there is no reason for interfering with the verdict if the jury had the power to dispose of the costs. We have already said that they had that power.

The Act of 1860, *supra*, provides, further, "whenever the jury shall determine, as aforesaid, that the prosecutor or defendant shall pay the costs, the court in which the said determination shall be made shall forthwith pass sentence to that effect." As said by Gibson, J., in Com. *v.* Tilghman, *supra*, the judgment concerning costs is not on the indictment. The direction to pay costs is not a sentence in the sense of its being a part of the penalty imposed by law; it is merely an incident of the judgment: Com. ex rel. *v.* Keeper of Workhouse, 6 Pa. Superior Ct. 420. Hence, although the court has no jurisdiction of the offense charged in the indictment, it has jurisdiction in matters incidental to the judgment and may pass sentence imposing costs on the defendant.

It follows that the defendant's motions to set aside that portion of the verdicts which imposes costs on him must be overruled.

The motions to set aside that portion of the verdicts which imposes costs on the defendant are overruled, and the defendant is directed to appear for sentence on Monday, Feb. 11, 1929, at 10 A. M.

From M. M. Burke, Shenandoah, Pa.