Commonwealth *v.* Cohen, Appellant.

Argued May 4, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*J. I. Simon,* and with him *Barney Phillips,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., July 8, 1931:

Appellant was indicted for violating the Act of April 18, 1919, P. L. 70, which makes it a misdemeanor for any person with intent to defraud, to draw, etc., a check upon any bank, knowing at the time that he had not sufficient funds, etc., in said bank for its payment. The trial judge directed his acquittal, but left the question of costs to the jury, who placed them on the defendant. The court refused to set aside the verdict in this respect and sentenced him to pay the costs. This appeal followed:

The evidence in the case was not made a part of the record either in the court below or in this court. It was suggested in the court below that the verdict of 'not guilty' was directed because it appeared in the testimony that the check was given for a past debt. We are not to be understood as passing upon that ruling; but we agree with the court below that the trial judge did not err in submitting the question of costs to the jury.

Section 62 of the Act of March 31, 1860, P. L. 427, relating to criminal procedure, (p. 445), expressly provides that in all prosecutions, except felony, in case of acquittal, the jury trying the same shall determine by their verdict whether the county, or the prosecutor, or the defendant shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions. Appellant attempts to disregard this statute and plant himself on the Act of Sept. 23, 1791, 3 Sm. L. 37, sec. 13, which provides, "That where any person shall be brought before a court, justice of the peace, or other magistrate of any city or county in this Commonwealth, having jurisdiction in the case, on the charge of being a runaway servant or slave, or of having committed a crime,

and such charge, upon examination, shall appear to be unfounded, no costs shall be paid by such innocent person, but the same shall be chargeable to and paid out of the county stock, by such city or county.''

But that act does not relate to the 'trial' of a defendant but to his 'examination,' and this means the preliminary hearing to determine whether he should be held for trial. In Corpus Juris, Vol. 23, p. 178, it is said of 'examination,' ''As used in a criminal proceeding, always a preliminary and never a final trial on an indictment.'' And in Bouvier's Law Dictionary (Vol. 1 Rawle's Ed. 1107) the term is defined in Criminal Law to be, ''The investigation by an authorized magistrate of the circumstances which constitute the grounds for an accusation against a person arrested on a criminal charge, with a view to discharging the person so arrested, or to securing his appearance for trial by the proper court, and to preserving the evidence relating to the matter.''

The Act of 1791 is so construed in Lehigh County v. Schock, 113 Pa. 373, 380, and in Sadler's Criminal Procedure, p. 495, sec. 624.

The history of the law in reference to the imposition of costs in cases of misdemeanor and the province of the court and jury in reference thereto is stated at length in Com. v. Kocher, 23 Pa. Superior Ct. 65 and we need not here do more than direct attention to it. The practice under section 62 of the Act of 1860 was referred to and upheld by the Supreme Court in the recent case of Com. v. Hall, 291 Pa. 341, 351, which pronounced it ''a legislative interweaving of the jury into the administrative fabric of the criminal law which cannot be abolished by the judiciary,'' and cited with approval the decision of this court in Long v. Lancaster County, 16 Pa. Superior Ct. 413, sustaining the authority and duty of the traverse jury to dispose of the costs in misdemeanors.

In proper cases the court may, on application, relieve the prosecutor or the defendant from the arbitrary and unjust placing of the costs upon him, but in the absence of circumstances that would warrant the court in refusing to permit a verdict, imposing costs against either the prosecutor or the defendant, to stand, the matter of disposing of the costs, even on a directed verdict of 'not guilty,' should be submitted to the jury, leaving the oversight of the verdict, in case of an arbitrary and unjust imposition of costs, to the court; for in some cases the jury may be of opinion that the prosecutor should pay them, or in others, that while the defendant is not guilty of the charge he was not wholly free from fault, etc. (See Sadler's Criminal Procedure, p. 492, sec. 614), or that both prosecutor and defendant were in some respect blamable in the matter, and the costs should be divided between them, rather than imposed on the county. However anomalous the course may appear to jurisdictions unfamiliar with our procedure, it is the law of this Commonwealth and it works substantial justice.

The general subject has been considered by the Supreme Court in Com. v. Tilghman, 4 S. & R. 127; Baldwin v. Com., 26 Pa. 171; Wright v. Com., 77 Pa. 470; Linn v. Com., 96 Pa. 285, and there is nothing in any of them that conflicts with the views expressed above. The appellant attempts to construe an excerpt from the opinion in Linn v. Com., supra, which reads: "Where [the indictment] sufficiently charges an offense, a failure to convict for want of evidence does not take from the jury the control of the costs in cases of misdemeanors. But where an offense is *neither charged nor proved* the jury have nothing to do with the costs, nor have they any duties to perform whatever," as if it said that the jury have nothing to do with the costs where *either* the indictment charges no offense *or* the offense is not proved. That is not its

meaning; but rather, that where there is *both* an insufficient indictment *and* a lack of proof of the offense, the jury have nothing to do with the costs.

In Com. v. Tremeloni, 93 Pa. Superior Ct. 432, the Court of Quarter Sessions of Somerset County, in a prosecution for violating the liquor laws, directed a verdict of 'not guilty,' but left the jury to dispose of the costs, and they placed them on the defendant. The court later, on the defendant's application, set aside so much of the verdict as imposed the costs on him. On appeal by the Commonwealth we reversed and directed the court below to sentence the defendant to pay the costs, thus giving recognition and approval to the procedure adopted by the court below in the present case.

The defendant made no application to set aside the verdict imposing the costs on him on the ground that the action of the jury was arbitrary and without justification; his position was that the jury had no power to impose the costs on him after the court had directed his acquittal of the charge. In ruling against him on this point the court below committed no error.

The judgment is affirmed and it is ordered that the appellant, Jacob Cohen, appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence.