## Commonwealth v. Spohn

*W. Harry Musser*, for Commonwealth.
*Metzger & Wickersham*, for defendant.

HARGEST, P. J., November 25, 1933.—The defendant pleaded nolle contendere to three charges of violation of the Act of April 18, 1919, P. L. 70, making it a misdemeanor to make, draw, utter or deliver any check "with intent to defraud", when the person drawing the instrument knows at the time that he has not sufficient funds for the payment of it. Each check involved in the three instant

cases was given for the payment of the liquid fuels tax due under the Act of May, 1, 1929, P. L. 1037, for the sales of gasoline made during the preceding month. For instance, on December 13, 1930, the defendant made return to the Division of Liquid Fuels Tax of the Commonwealth of Pennsylvania, showing that he owed $313.19 for gasoline sold during the month of November 1930, and with said return transmitted his check, in that sum, dated that day. On January 15, 1931, he made a similar return for the month of December and on February 14, 1931, for the month of January 1931. In each case, he did not have sufficient funds to meet the check.

The defendant presents two propositions: (1) That he cannot now be convicted because he was formerly convicted of an offense growing out of the same facts; (2) that the giving of these checks did not constitute an offense under the Act of 1919. The facts are not disputed.

(1) His plea of former conviction is not sound. The evidence shows that he pleaded guilty to an indictment in the Court of Quarter Sessions of Montgomery County, for failure to make return of and pay the gasoline tax, due under the Act of 1929 above mentioned, and was sentenced upon that indictment and plea. He is not charged with the same offense in this court. The offense here is that of giving a check "with intent to defraud". Both offenses grow out of the same transaction, but they are two entirely different offenses and depend on different facts and different evidence. One is the failure to pay the tax, and the other depends upon the giving of the check. There must be an identity of offenses for the plea of former conviction or acquittal to avail: 16 C. J. 263, 264, secs. 443, 444.

(2) The evidence in this case, however, is not sufficient to sustain this conviction. These checks were given after the tax assessed upon sales for the previous year had become due. Nothing was obtained from the Commonwealth by reason of the giving of the checks, and the Commonwealth was not defrauded out of anything. It might be that if a check was given for a past due debt, in order to obtain a new credit, it would be a violation of the Act of 1919, as decided in the case of Commonwealth v. Banonis, 30 Schuyl. 1. But we definitely hold that the giving of a check to pay a debt past due, unless something is obtained or intended to be obtained by the giving of the check which otherwise would not likely be secured, does not constitute an offense under the Act of 1919, because there is no "intent to defraud", which is an ingredient of the offense.

There is no evidence whatever that this check was made, drawn, uttered, or delivered in Dauphin County. Certainly under the statute one of three things must be done here, with "intent to defraud", in order to make out the offense. The checks were payable in Montgomery County, and it is not shown how they found their way to the Bureau of Liquid Fuels Tax, whether they were delivered to an agent in that county or sent here by mail. For this reason, the evidence is not sufficient to make out a case. The defendant, therefore, must be discharged under this plea.

The question of costs remains. The defendant gave three checks in three successive months and did not have sufficient funds to meet any of the checks. His conduct was reprehensible, even though it does not amount in law to the offense charged and, under the case of Commonwealth v. Cohen, 102 Pa. Superior Ct. 397, we think we should dispose of the costs. Defendant has behaved badly. Therefore, we are of opinion that the costs should be imposed upon him.

Now, November 25, 1933, we adjudge the defendant not guilty but direct that he pay the costs.                    From Homer L. Kreider, Harrisburg, Pa.