## Commonwealth v. Mobley

*James W. Reynolds*, assistant district attorney, and *Carl B. Shelley*, district attorney, for Commonwealth.

*Oscar C. Wickersham*, for defendant.

HARGEST, P. J., November 25, 1940.—This matter comes before us upon exceptions to the taxation of costs.

Defendant was convicted in two summary proceedings before an alderman of the City of Harrisburg for violation of sections 3 and 5 of the Act of July 19, 1935, P. L. 1356, 76 PS §§344, 346, relating to the sale and delivery of solid fuel. Upon appeal he was adjudged not guilty but the costs were imposed upon him.

These exceptions raise the right of the court, in a summary proceeding, upon acquitting defendant to impose the costs upon him.

It is the settled law, as stated by Chief Justice Thompson in Huntingdon County v. Commonwealth, 72 Pa. 80, and repeated in Commonwealth v. Buccieri, 153 Pa. 570, 571:

". . .'that the recovery and payment of costs in criminal cases are so entirely dependent on statutory regulations in Pennsylvania, that it is indispensable for every claimant to be able to point to the statute which entitles him to receive what he claims.' "

We are not here dealing with the right to recover costs but with the liability for them, and the precise question is whether a defendant is liable where the statute is silent as to his liability.

In Commonwealth v. Kocher, 23 Pa. Superior Ct. 65, 67, it is said:

"Upon a criminal prosecution, at common law, the prosecutor incurred no direct liability for costs; the sovereign, in whose name the prosecution was conducted, paid no costs; while the defendant, *whether convicted or acquitted,* was required to pay the costs of prosecution as well as his own, with no remedy upon acquittal but an action against the prosecutor for malicious prosecution. Such was the law of Pennsylvania until after the Declaration of Independence. Subsequent legislation, beginning with the act of September 23, 1791, has materially modified it, so that in all cases of misdemeanor and in certain cases of felony, the grand jury, on ignoring the bill, and the petit jury, on acquittal, may direct the prosecutor, the defendant, or the county, to pay the costs. The control of the costs, given to the grand and petit juries, is a discretionary power, subject to supervision by the court. Under the constitutional provision, beginning with the constitution of 1776, that 'trial by jury shall be as heretofore,' the common-law supervisory power of the court cannot be limited by legislation: Guffy v. Com., 2 Grant, 66. In disposing of the costs, the discretion of the grand jury, of the petit jury, and of the court, is in its nature judicial, and is to be guided in its operation by the general principles that govern the exercise of judicial discretion." (Italics supplied.)

In the case of Commonwealth v. Tilghman, 4 S. & R., 126, it was held that the jury may impose the costs upon

the defendant upon acquittal even though the indictment be defective. It is there said:

"The subjecting a defendant, who has been acquitted, to the payment of costs, at first view, may appear unjust. We attach to an acquittal, the idea of perfect innocence, and it is perhaps right, it should generally be considered so. But when we reflect, that by the common law, a defendant, though acquitted, always paid costs, and that in this state, the law continued to be so, up to the 20th *March*, 1797, when it was changed by act of assembly, we may, perhaps, view the case of a defendant, acquitted of actual crime, but whose conduct may have been reprehensible in some respects, or whose innocence may have been doubtful, as not a very hard one, when left precisely as it was at the common law."

The same conclusion was reached in Wright v. Commonwealth, 77 Pa. 470. See also Commonwealth v. Kane, 65 Pa. Superior Ct. 258, 260.

In Commonwealth v. Cohen, 102 Pa. Superior Ct. 397, which is the last of a number of cases upon the subject, it is settled that even where the trial judge directs an acquittal of a defendant upon an indictment for a misdemeanor, the question of the liability for costs may be left to the jury. In that case, as in this, defendant asserted that the Act of September 23, 1791, 3 Sm. L. 37, relieved him from liability.

Section 13 of the Act of 1791, supra, provides:

"That where any person shall be brought before a Court, Justice of the peace, or other magistrate of any city or county in this commonwealth, having jurisdiction in the case, on the charge of being a runaway servant or slave, or of having committed a crime, and such charge, upon examination, shall appear to be unfounded, no costs shall be paid by such innocent person, but the same shall be chargeable to and paid out of the county stock, by such city or county."

In Commonwealth v. Adams, 21 Dist. R. 532, 533, it is said:

"The disposition of costs now in all cases of misdemeanor in which bills are ignored by the grand jury, or in which defendants are acquitted by petit juries, or where defendants in surety of the peace cases are discharged by the court, is controlled by sections 62 and 64 of the Act of March 31, 1860, P. L. 427, extended to desertion cases by section 3 of the Act of April 13, 1867, P. L. 78, and to certain cases of felony by the Act of May 25, 1897, P. L. 89, permitting the grand jury to place the costs of prosecution on either the county or the prosecutor, and the petit jury or the court, as the case may be, to place the costs upon either the county or the prosecutor or the defendant, or to apportion them equally or unequally between the prosecutor and the defendant."

But section 13 of the Act of 1791 is excepted from the repealing clause of the Act of March 31, 1860, P. L. 427, and this section is still in force.

In County of Lehigh v. Schock, 113 Pa. 373, 379, it is said, with reference to section 13 of the Act of 1791:

"The word 'crime' is used in its general sense and means all indictable offenses, just as it is used and means in section 64 in the Criminal Procedure Act of 1860."

And in Commonwealth v. Cohen, supra, it is held that the act applies only to the examination on preliminary hearing before the committing magistrate.

It, therefore, follows that there is statutory authority upon acquittal for the imposition of costs upon the defendant by a petit jury, and there is statutory prohibition upon the discharge by the committing magistrate for an indictable offense against imposing the costs upon defendant. There is no statutory provision with reference to the costs where there is an acquittal in a summary conviction upon appeal. Can the common-law powers of the court be asserted in the absence of such authority? Whatever might be said upon this subject as to a common-law offense, a different question arises as to summary proceedings. They are in their nature criminal, and the statute must be strictly construed: Commonwealth v. Shipley et

al., 35 Pa. C. C. 132, 135; Jones v. City of Wilkes-Barre, 2 Kulp 68. Such proceedings are in derogation of the common law and it would seem to be an anomalous situation to assert the inherent power of the court under the common law in the disposition of a proceeding in derogation of the common law. It, therefore, follows that in disposing of a purely statutory offense the court could not invoke its common-law powers and assert the common-law principle that defendants are liable even upon acquittal for the imposition of the costs.

There are several cases in point. In Commonwealth v. Hargesheimer, 1 Ashm. 413, there was a summary proceeding for violation of the Act of April 22, 1794, 3 Sm. L. 177, entitled "An act for the prevention of vice and immorality," in which President Judge King said (p. 416) :

". . . it is plain, that from general principles, the informer or prosecutor is not liable for costs, unless expressly made so by act of Assembly." He further said:

"Independent of the act of the 8th of December, 1806, (4 *Smith's Laws*, 204,) which gives grand and petit jurors, in prosecutions for misdemeanors, power to impose costs on prosecutors, no such authority exists in Pennsylvania; and even under that most useful law, liability for costs is not a direct incident of failure in the prosecution, but follows only from the direct decision of juries, on each case, according to its peculiar circumstances. In England, this defect in the system of summary convictions has been remedied by act of Parliament, 18 Geo. III. c. 19; the introduction of the provisions of which, into this commonwealth, would be a decided improvement. By this statute, justices are authorized, in such cases, to award the costs to be paid by either of the parties to the party injured."

In Commonwealth v. Adams, supra, defendant was convicted of cruelty to animals before a justice of the peace in a summary proceeding. Upon appeal the court made a verbal order discharging defendant and, in the written opinion which followed, concluded that, although defend-

ant was charged in a summary proceeding, the act charged was a "crime" within the language of section 13 of the Act of 1791, and, therefore, there was no power to impose the costs on defendant. While we are not prepared to follow to the fullest extent the logic of this decision, we do follow the case of Commonwealth v. Moore, 21 Pa. C. C. 321. In that case the charge was that defendant drove over a fire hose, which was then in use in an effort to put out a fire, and, upon an appeal from a summary conviction, the court acquitted defendant and discussed the question of costs. It came to the conclusion that the act charged was not a "crime" within the meaning of section 13 of the Act of 1791 and that defendant was not discharged on the hearing and, therefore, that statute did not apply. The court said (p. 323) :

"Under the common law the court cannot direct how the costs shall be paid. . . . Clearly without statutory authority the court cannot direct that either the prosecutor or the defendant or the county pay the costs in an appeal from a summary conviction where the defendant is discharged after hearing."

In that case it was contended that the Act of April 17, 1876, P. L. 29, sec. 1, 19 PS §1189, passed to carry out the constitutional provisions with reference to appeal in cases of summary conviction, did not apply. That statute provides that all appeals "shall be upon such terms as to payment of costs and entering bail, as the court or judge allowing the appeal shall direct." But in the case of Commonwealth v. Moore, supra, it was held that that language gave the right to the court to impose terms only upon allowing the appeal and gave no authority to impose the costs of the appeal on the prosecutor or defendant if defendant were discharged.

This provision, however, has been subsequently amended out of the statute, and in no event could anything now be predicated upon it.

This court, in the case of Commonwealth v. Di Santo, 47 Dauph. 374, in a summary conviction for disorderly

conduct, upon an appeal acquitted defendant and directed him to pay the costs. The court later held that under section 13 of the Act of 1791 he must be relieved from the payment of costs. We now agree that, while the judgment in that case was correct, for the reasons given in this opinion the application of the Act of 1791 for the relief of defendant was in error.

For these reasons we conclude that there is no power in the court to impose the costs upon defendant.

And now, November 25, 1940, the exceptions to the imposition of the costs upon defendant in each of the cases are sustained, and the order of court imposing the costs is revoked.