## Commonwealth v. Mourton

*D. M. Garrahan*, for prosecutrix.

*A. K. Hettinger*, for defendant.

HENNINGER, P. J., September 12, 1955.—This case comes before the court on a rule to show cause why an appeal should not be allowed from the imposition of costs amounting to about $18 upon defendant by an alderman upon a finding that a prosecution for assault and battery against her was not well founded.

The principle of imposition of costs upon a discharged defendant goes back at least to the Act of December 8, 1804, 4 Sm. L. 204, which was incorporated into section 62 of The Penal Code of March 31, 1860, P. L. 427, 19 PS §1222, and was a limitation upon the benevolent provision of the Act of September 23, 1791, sec. 13, 3 Sm. L. 37, 19 PS §1221, which made the county liable for costs where an accused was acquitted. When we consider that up to 1791, a defendant, whether acquitted or convicted, was liable for all costs (see Franklin County v. Conrad, 36 Pa. 317, 319; Strein v. Zeigler, 1 W. & S. 259, 260) we need not now restudy the principles behind the legislative policy of permitting imposition of costs upon an acquitted defendant to determine its validity.

While the legislative policy is difficult to sustain upon pure logic, actual experience indicates that in any specific case it usually works substantial justice between the parties. The determination of its exercise in any particular case is for the honest discretion of the justice and not for the courts.

The particular act (section 2 of the Act of May 27, 1919, P. L. 306, 19 PS §22 as amended June 25, 1937, P. L. 2319), under whose authority costs were imposed in this case, reads as follows:

"In all such cases, when the evidence does not show that the prosecution is well founded, the alderman, justice of the peace, or magistrate shall discharge the defendant, and determine by whom the costs shall be paid. In assessing the costs, he may order that the

prosecutor or defendant pay all, or any part thereof, or he may assess the costs on the county. In default of payment of any costs so imposed on the prosecutor or defendant, the person so defaulting shall be committed to the county jail, one day for each dollar of such costs, or until such costs are paid, or until such person is discharged according to law, and in such cases the costs shall be paid by the county: Provided, however, That any defendant against whom costs have been assessed shall have the right to appeal to the court of quarter sessions of the county, in the same manner and with like effect as is provided by law for appeal in cases of summary conviction."

Under article 5, sec. 14 of the Constitution of Pennsylvania, appeals lie from summary convictions only "upon allowance of the appellate court or judge thereof upon cause shown".

The only "cause shown" for the allowance of an appeal in this case is that petitioner believes that imposition of costs upon her is "improper", with no charge of bias, oppression or harassment on the part of the justice.

It will be noted that the very act which authorizes imposition of costs upon a discharged defendant states as a condition precedent that the "evidence does not show that the prosecution is well founded". Since it is the legislative policy of the Commonwealth that a justice of the peace in his discretion may impose costs upon a defendant, the charge against whom is not well founded, a dissatisfied defendant will not be heard to say that the imposition of costs was "improper" simply because the charge was not made out, in the absence of bias, oppression or harassment on the part of the justice.

This is not, therefore, a case in which the court ought to review the action of the justice and, therefore, an allocatur will be denied.

Now, September 12, 1955, defendant's petition for allowance of an appeal from imposition of costs in above-captioned prosecution is denied and the rule therefor discharged.